GEORGE B. ALBRIGHT v. JAMES W. ALBRIGHT and others.

*Trusts and Trustees—Account—Injunction and Receiver.*

1. The grantor, reserving an estate for his own life, conveys land in trust, and provides in the deed that after his death the property is to be held for the use of his wife and grand-son George, and such child or children as may be born to the trustee (his son James), for and during the lives of his said wife and son; and at their death the land shall be equally divided between the said grand-son and such other children as his son may have born unto him; *Held,*

(1) That the trustee is liable to an account of the rents and profits, and the plaintiff grand-son is entitled to his share of the same during the lifetime of the trustee.

(2) If other children are born, they also share in the trust; and at the death of the son, the trustee, the number of all his children can then be ascertained, and the trust determines; and then the land is to be equally divided between the grand-son and such other children as may have been born unto the son.

(3) The trustee has no right, in the management of the trust estate, to allow the rents to accumulate and postpone the distribution, as the donor intended that current provision should be made for the beneficiaries.

2. Where one is entitled to an account or his right thereto admitted, the court will order it to be taken before trial of issues.

3. The order for an injunction and receiver, upon the finding that the trustee in this case was insolvent and had misapplied the rents and profits, was properly granted.

MOTION for an injunction heard at Fall Term, 1883, of GUILFORD Superior Court, before *MacRae, J.*

The plaintiff moved for an injunction and the appointment of a receiver, and for an account of the rents and profits of the estate named in the deed of trust, which is sufficiently set out in the opinion of this court. His Honor sustained the motion and the defendants appealed.

*Messrs. Scott & Caldwell,* for plaintiff.
*Mr. John N. Staples,* for defendants.

MERRIMON, J. It appears that George Albright, deceased, in his life-time, executed two deeds of conveyance, one bearing date the 29th day of June, 1866, and the other the 9th day of January, 1867, whereby he conveyed to his son, the defendant James W. Albright, three lots of land of considerable value, situated in the town of Greensboro, for the purpose and upon the trusts therein provided and specified. The following is a copy of so much of each as provides and declares such trusts:

"*First,* for the sole and separate use of the said George Albright, the grantor, during his natural life; that is, the said George Albright retains a life estate in said lands. *Second,* after the death of the said George Albright, for the sole and separate use of Martha S. Albright, and George B. Albright grandson of said George Albright and son of said

James W. Albright, and such child or children as are or may' be born to said James W. Albright by his said present wife or any other, for and during the natural life of the said Martha S. Albright and James W. Albright, and at the death of James W. Albright and Martha S. Albright, his wife, then the said lands, with their improvements and appurtenances to be equally divided between the said grandson, George B. Albright, and such other children as the said James W. Albright has or may have born unto him. And upon the further condition, which is well understood and made particularly a part of this deed, that the said James W. Albright hath and is invested with full power and authority, with the approbation and consent of said George Albright, given in writing in his life-time, and after the death of said George Albright, when he, said James W. Albright, shall deem it best for all parties interested or concerned, to sell and convey the lands and improvements herein conveyed, and to purchase and receive for the consideration or purchase-money other lands or estate in the name and stead thereof, having a deed for the same made unto him containing the same provisions, conditions, and trusts which are contained and expressed in said deed."

The plaintiff George B. Albright, is the son of the defendant James W. Albright, and the *cestui que trust* of that name mentioned in that part of the deed set forth above.

The defendant Clara P. Albright, is the daughter of the defendant James (by his present wife the defendant Martha S.) and she and the plaintiff are his only children.

The court below, in construing the clauses of the deeds above specified, "adjudged that the plaintiff is entitled to his share of the rents and profits of the estate named in the deed of trust, during the life of his father James W. Albright, and Martha S. Albright, wife of James W. and step-mother of plaintiff; and that the amount of the plain-

tiff's share is determined by the number of children born, or hereafter to be born to the said James W. Albright, and plaintiff's share is now one-third of said rents and profits."

The defendant trustee insists that such interpretation is erroneous.

The construction thus placed by the court upon the deeds creating the trust is substantially correct. The donor expressed his purpose too clearly to give rise to any serious question as to his meaning.

It is plain that he retained first, a life estate in the property conveyed, and secondly, the trustee having the legal estate is charged to hold and care for the property for the use and benefit of Martha S., his wife, the plaintiff George B. and such other children as are or may be born to James W. Albright, the trustee, for the period of the life of his wife and for his life. It is not intended, however, to give the trustee any beneficial interest, or his wife any interest to extend beyond the period of her life. The words "for and during the natural life of the said Martha S. Albright and the said James W. Albright," are employed to fix the limit of the period within which the wife shall share in the trust, and to limit the time that the trust shall remain operative, active and open as a trust, to let any children yet "to be born to him, James W. Albright," share in it. At the death of Martha S. her interest in the trust will cease; at the death of the trustee, the number of his children will have been ascertained, who are to share in the trust; and then the trust to cease and determine; and the property, the said lands, "with their improvements and appurtenances," shall be equally divided "between the said grandson, George B. Albright, and such other children as the said James W. Albright has or may have born unto him."

The donor manifestly intended to make some provision for the wife and all the children of his son James, and to have his son manage and control the property for, and only

for that purpose. He expected and required him to take care of, use and improve it in a way and manner most expedient, and faithfully to that end while he should live; and having accepted the trust, he became obliged to do so. To this end, it is provided that the trustee might, with the approval of the donor while he continued to live, or after his death, in his own just discretion, looking to the "best interests of all the parties interested or concerned, * * * sell and convey the lands and improvements," conveyed to him, and receive and re-invest the purchase money in other lands suitable and appropriate, upon "the same provisions, conditions and trusts, as those contained in the deeds creating the trust."

It cannot be contended with the slightest show of reason, that the trust contemplates that the trustee shall manage the trust property, let the rents and profits accumulate until he shall die, and then let the same be divided equally among the *cestuis que trust*. Such a construction would defeat in large part the generous purpose of the donor to make current provision for his daughter-in-law and grandchildren. His meaning, as expressed in declaring the trust is, that the net rents and profits shall go to the use and benefit of the *cestuis que trust* continuously next after his death until the trust shall terminate, as we have indicated, such child as might be born after the trust became operative, sharing in the rents and profits from the time of his or her birth. When we say continuously, of course we mean as often and as rapidly as the rents and profits accrue in the orderly course of requiring rents for such property.

We see no reason why we shall disturb the findings of fact by the court upon the hearing of the application for an injunction pending the action, and a receiver. Indeed, it is not suggested that we shall do so. In view of these findings, we think the court properly granted the injunction, and directed that an account be taken. The admissions in

the answer, taken in connection with the construction the court placed upon the deeds creating the trust, entitled the plaintiff to an account, without reference to issues of fact raised in the pleadings that do not put in issue the right to an account.

Where the right to an account is admitted in terms or effect, the court may at once order the same to be taken without waiting to try the issues of fact raised by the pleadings, if there be such.

The court finds as facts that the trustee is insolvent; that he has sold parts of the trust property and misapplied the proceeds; that he has never accounted to the plaintiff for the rents and profits, but has applied the same to his own use; and that he had proposed to sell other parts of the trust property within a short period before the application for the injunction and receiver. It is manifest that in such a case the trustee should be restrained, pending the action, from making further sales of the property. However large may be the powers with which the trustee is invested, they are all to be exercised only for the purpose of effectuating the trust; and when it appears that such powers are perverted to the detriment of the *cestui que trust*, the court will promptly interpose its protective authority.

Judgment affirmed. Let this be certified to the superior court according to law.

No error. Affirmed.