JAMES YOUNG CARTER, BY HIS NEXT FRIEND, MAUD YOUNG RAY, v. LULA E. YOUNG AND WAKE COUNTY SAVINGS BANK, EXECUTOR AND TRUSTEE OF THE ESTATE OF JAMES H. YOUNG.

(Filed 4 May, 1927.)

1. **Wills—Executors and Administrators—Powers—Trusts—Bad Faith of Trustee.**

Where it clearly appears to be the intent of the testator in the construction of his will that a certain income from his estate held in trust is to be equitably apportioned between his widow and his grandson, in accordance with the judgment of the former to whom the executor and trustee is to make payment, it is required of the widow that she exercise the power in accordance with the testator's intent, and her refusing to pay anything whatsoever to the grandson out of the₄funds she so receives, is bad faith and a breach of the trust imposed on her, which gives the court of equity jurisdiction and power to interfere and fairly make the apportionment between them.

**2. Same—Pleadings—Demurrer.**

Where the complaint sufficiently alleges the complete breach of a special trust of a devisee in failing to pay over to another legatee his just proportion of moneys paid over by the executor and trustee under a will providing the total income should be paid to the special trustee giving her the power to make the apportionment between herself and the testator's grandson: *Held*, a demurrer is bad when resting upon the ground that the courts had no authority to interfere with her in the exercise of the power thus given her under the terms of the will.

APPEAL by plaintiff from *Bond, J.,* at November Term, 1926, of WAKE. Reversed.

Action to compel defendant, Lula E. Young, to make a fair and equitable apportionment, between plaintiff and herself, of certain funds heretofore paid and hereafter to be paid to her by defendant, Wake County Savings Bank, trustee, for the use of herself and plaintiff, pursuant to the provisions of the last will and testament of James H. Young, deceased.

From judgment sustaining demurrers filed by defendants to the complaint herein, upon the ground that said complaint does not state facts sufficient to constitute a cause of action upon which plaintiff is entitled to relief, plaintiff appealed to the Supreme Court.

*Biggs & Broughton for plaintiff.*
*Douglass & Douglass for defendants.*

CONNOR, J.   The facts alleged in the complaint, and admitted by the demurrers, are as follows:

1. James H. Young died in the city of Raleigh, N. C., on 11 April, 1921, having first made and published his last will and testament, which was thereafter duly probated and recorded in the office of the clerk of the Superior Court of Wake County.

2. By his said last will and testament the said James H. Young, after providing therein for certain legacies, all of which have been paid by his executor, gave, devised, and bequeathed all the rest and residue of his property and estate, of whatsoever nature and wheresoever the same might be, to the defendant, Wake County Savings Bank, to be held, used, and disposed of by it in trust for the benefit of his wife, Lula E. Young, of Raleigh, N. C., his daughter, Maud Young Ray, of Winston-Salem, N. C., and his grandson, James Young Carter, of Raleigh, N. C.

3. By his said last will and testament the said James H. Young empowered and directed the said trustee to hold and manage the said trust estate until the final distribution thereof, as directed in said will; until such final distribution, the said trustee is authorized and directed

to collect and receive all the income from said estate, and out of said income to pay all costs and expenses of administering said estate.

4. With respect to the net income from said estate, the said trustee is directed by said will as follows:

"Until my said wife shall cease by remarriage to be my widow, or if she shall not remarry, then until her death, to pay semiannually four-fifths (4/5) of the net income from said trust estate to my said wife for the use (in such proportions and in such manner as she herself may decide) of herself and of my said grandson, and to pay semiannually the remaining one-fifth (1/5) of the net income from said trust estate to my said daughter, for her own use."

If defendant, Lula E. Young, shall remarry, then the trustee is directed to pay to her out of the principal of the trust estate the sum of $10,000, absolutely and free from the trust, and thereupon the said Lula E. Young shall have no further right to or interest in the estate of her deceased husband. If the said Lula E. Young shall remarry, or if she shall die prior to the arrival of plaintiff at the age of twenty-one, the trustee is directed to pay to him two-thirds, and to the daughter of the testator one-third of the net income from the trust estate until its final distribution as directed in the will.

5. It is further directed in said will that upon the happening of any one of various contingencies therein provided for, the entire trust estate then in the hands of said trustee shall be distributed finally as follows: One-third to Maud Young Ray, the daughter, and two-thirds to James Young Carter, the grandson of the testator, if both be living upon the happening of such contingency; if either be dead, then the share of such estate which, but for the death of the one dying before the happening of such contingency, would have been payable to him or to her, shall be paid to the survivor. Upon such final distribution as provided for in said will, the trust shall terminate and cease.

6. The present value of the trust estate now in the hands of defendant, Wake County Savings Bank, as trustee under the will, exceeds the sum of $85,000; the net income is not less than $4,000 per annum.

7. Since the probate of the said last will and testament, defendant, Wake County Savings Bank, executor and trustee named therein, from the net income of said estate, pursuant to the direction of the testator as aforesaid, has paid to defendant, Lula E. Young, widow of James H. Young, the sum of $200 per month, and to Maud Young Ray, his daughter, the sum of $50 per month; out of the sums thus paid to her by said trustee, the defendant, Lula E. Young has apportioned and paid out for the use of plaintiff, James Young Carter, grandson of the testator, the following sums, to wit: during October, 1921, $50; during December, 1921, $50; during May, 1922, $50. These are the only sums applied

by defendant, Lula E. Young, for the use of the plaintiff; she has failed and refused to apportion to or pay out for the use of plaintiff any further sum whatever from the amounts paid to her by the trustee from the net income from the trust estate; she now states that she does not propose to pay to the said James Young Carter, or for his use and benefit, any other or further sum from the amounts hereafter paid to her by the trustee from said income, notwithstanding the provisions of the said will.

8. Plaintiff, James Young Carter, is now about eleven years of age; at the date of the execution of the will, to wit: 26 August, 1920, he resided with the testator, his grandfather, at Raleigh, N. C.; he now resides with his mother, Maud Young Ray, at Winston-Salem, N. C.; he is greatly in need of the provision made for him by his grandfather in his last will and testament, and although demands have been made in his behalf upon defendant, Lula E. Young, that she make a fair and equitable apportionment of the sums heretofore paid and hereafter to be paid to her by the trustee for the use of herself and the plaintiff, as directed by the said last will and testament of James H. Young, she has refused and still refuses to comply with said demands.

It is further alleged in said complaint that such action on the part of defendant, Lula E. Young, is a gross abuse of the discretion vested in her by the said will, and is contrary to and in violation of the letter and spirit of said will, and that such action on the part of the said Lula E. Young constitutes a breach of trust, for which plaintiff is entitled to relief by the court, in the exercise of its equitable jurisdiction.

The court below, upon consideration of the demurrers filed by defendants, was of opinion that the complaint herein, in which the foregoing facts are alleged, does not state a cause of action in behalf of plaintiff, for that it appears upon the face thereof that the will of James H. Young vests in defendant, Lula E. Young, the sole discretion of determining the proportion of the net income from said estate that should be used in behalf of plaintiff, and for that there is no method by which the court could determine what proportion, if any, of the amounts paid to Lula E. Young by the trustee for the use of herself and plaintiff should be applied to the use of plaintiff. The demurrers of defendants were accordingly sustained and the action was dismissed at the cost of plaintiff. By his appeal to this Court, plaintiff challenges the correctness of the court's opinion, upon which relief in this action is denied to plaintiff.

Courts exercising equitable jurisdiction have been slow to interfere with a trustee who holds property in trust for another, and who is vested with discretion as to the manner in which his duties with respect to such property shall be performed. When it appears that a trustee has exercised, or proposes to exercise, such discretion in good faith, and with an

honest purpose to effectuate the trust, the courts will not undertake to supervise or control his actions. They will not undertake to set aside or over-ride his judgment in matters clearly committed to his discretion, and to substitute therefor the judgment of others, or their own judgment, upon the sole allegation that the action of the trustee is not wise or just. See *Troutt v. Pratt* (Va.), 56 S. E., 165, 8 L. R. A. (N. S.), 398, and case-note. The courts, however, have not hesitated to assume jurisdiction and to grant relief to a *cestui que trust,* when it appears that the trustee has acted in bad faith, or with a fraudulent purpose, to the injury of the *cestui que trust.* See *Collister v. Fassett* (Ct. of App., N. Y.), 57 N. E., 490.

In the latter case a testator by his will had directed his wife, out of property bequeathed to her therein, to use so much thereof for the support and benefit of his niece, as his said wife should from time to time, in her discretion, think best so to do. The Court was of opinion that the wife, defendant in the action, took the residuary estate of the testator charged with the payment of a reasonable amount for the support of the niece, the plaintiff therein, in accordance with the terms of the will, and that as she had failed to exercise the discretion vested in her fairly and honestly, it was competent for a court of equity to ascertain the amount and decree its payment. It was there held that plaintiff was entitled to the payment, not only of an amount reasonably required for her support thereafter, but also of such amount as should have been paid to her prior to the commencement of the action.

In *Albright v. Albright,* 91 N. C., 220, certain lands were conveyed to a trustee to hold for the use and benefit of the wife and children of the trustee, to be equally divided among the children at the death of the trustee and his wife. Full power and authority was vested in said trustee with respect to the management and control of said land by the trustee during his life. It was held that the trustee could be compelled to account to his *cestui que trust* during his lifetime for the rents and profits from said land. It is said in the opinion: "It cannot be contended with the slightest show of reason that the trust contemplates that the trustee shall manage the trust property, let the rents and profits accumulate until he shall die, and then let the same be divided equally among the *cestui que trust.* Such a construction would defeat in large part the generous purpose of the donor to make current provision for his daughter-in-law and grandchildren." In that case relief was granted to plaintiff by means of an injunction and receivership, and by an order for the taking of an account. *Merrimon, J.,* speaking for the Court, says: "However large may be the powers with which a trustee is invested, they are all to be exercised only for the purpose of effectuating the trust; and when it appears that such powers are perverted to the

detriment of the *cestui que trust,* the court will promptly interpose its protective authority."

Defendant, Lula E. Young, holds such sums as have been or shall be paid to her by defendant, Wake County Savings Bank, trustee, as directed by the will, not for her own use, but for the use of herself and the plaintiff, grandson and namesake of the testator. Her refusal and failure to exercise the discretionary power vested in her, with respect to the apportionment of said sums, as she is directed to do by the will, is a breach of trust, resulting to her benefit and to the detriment of plaintiff. The trust is not effectuated, but defeated by her action, which, upon the facts appearing on this record, is in bad faith and fraudulent on her part.

We cannot concur in the opinion that plaintiff has failed to state in his complaint a cause of action upon which a court exercising equitable jurisdiction is powerless to give relief. The manifest purpose of the testator to provide by his will for the support of his fatherless grandson, who resided with him at his home in Raleigh, at the time he executed his will, ought not to be defeated or frustrated by the action of defendant, who in breach of her trust now refuses to perform her plain duty. The courts of this State, fortunately, have the power, upon the facts alleged in the complaint and admitted by the demurrers, to require defendant to perform this duty. They should and will exercise this power, promptly and effectively. No higher obligation rests upon the courts of this State than that which requires them to effectuate the purpose and intent of a testator, clearly expressed in his last will and testament, with respect to the maintenance and support of a dependent child, who was during the lifetime of the testator the object of his affection and solicitude. The courts have ample power to discharge this obligation. This power should be promptly and fully exercised in behalf of the plaintiff herein, to the end that four-fifths of the net income from the trust estate in the hands of defendant, Wake County Savings Bank, shall be applied to the use of defendant, Lula E. Young, and plaintiff, as directed in the will of James H. Young, in fair and equitable proportions, to be determined, in the first instance by Lula E. Young, in the exercise of her discretion, or if she shall fail or refuse to exercise such discretion, fairly and equitably, then by the court, upon all the pertinent facts, as they may be found by the court to be.

The judgment dismissing this action must be

Reversed.