P. S. CECIL v. PLEASANT GROVE METHODIST PROTESTANT CHURCH
AND J. R. BEASLY, TRUSTEE.

(Filed 23 May, 1934.)

**Wills E h—**

> Application and refusal is a prerequisite to the right to maintain an action against a trustee under a will to force the trustee to give plaintiff financial assistance upon allegations that plaintiff was in circumstances in which the will directed the trustee to give him such assistance.

APPEAL by plaintiff from *Shaw, J.,* at April Term, 1934, of DAVIDSON. Affirmed.

After the jury had been empaneled for the trial of this action, and the pleadings read, the defendants demurred *ore tenus* to the complaint on the ground that the facts stated therein are not sufficient to constitute a cause of action.

The demurrer was sustained, and the action dismissed. The plaintiff appealed to the Supreme Court.

*E. A. Wright and Don A. Walser for plaintiff.*
*Gold, McAnnally & Gold and Spruill & Olive for defendants.*

PER CURIAM. J. B. Cecil, by his last will and testament, which was duly probated and recorded in the office of the clerk of the Superior Court of Davidson County on 18 March, 1901, devised and bequeathed certain property, real and personal, to the defendant, Pleasant Grove Methodist Protestant Church. The said will contains the following words: "If any of our kinfolks should come to want through misfortune I want them to have some assistance, but if they come to want by dissipation, none."

The plaintiff is a nephew of the testator. He alleges in his complaint that through misfortune and not because of dissipation, he is now in need of financial assistance, and prays judgment that defendants be

ordered by the court to provide such assistance for him out of the income of the property devised and bequeathed by the testator and now in the possession of the defendants. It is not alleged in the complaint that plaintiff before the commencement of this action, applied to the defendants for assistance and that defendants arbitrarily refused the same. In the absence of such application and refusal, the plaintiff cannot maintain this action. See *Carter v. Young,* 193 N. C., 678, 137 S. E., 875. The judgment is

Affirmed.