ROBERT P. MILLER AND WIFE, BETTY W. MILLER, PETITIONER v. VIRGINIA M. McLEAN (WIDOW); T. R. WARD AND WIFE, JANE GOODE WARD; HELEN GOODE GOLDEN (WIDOW); LILLIAN VANOY GOODE (WIDOW); JANE ANN COCHRAN AND HUSBAND, DEALE B. COCHRAN; HELEN GOODE CAMERON AND HUSBAND, DONALD CAMERON, CORITA EDWARDS MILLER, AND ROBERT A. LITTLE AND T. R. WARD, TRUSTEES, RESPONDENTS.

(Filed 16 March, 1960.)

1. Fiduciaries—

Trustees and other fiduciaries must act in good faith and can never paramount their personal interest over the interest of those for whom they have assumed to act.

2. Estoppel § 4— Trustee held estopped from denying that realty was part of the trust fund.

The trust imposed the duty upon the trustees to manage the estate and pay a stipulated sum monthly to the widow of trustor, with further provision empowering the trustees to advance money to the children of trustor, the ultimate beneficiaries, as their necessities might require. A child of trustor, who was also a trustee of the estate, collected rents

from a parcel of land and placed the rents in the trust fund and induced his co-trustees to make advancements to him and his sister upon representations that adequate property would remain in the estate to provide the allowance to the widow, specifically calling to their attention that the realty was a part of the trust fund. *Held:* The trustee is estopped from denying that the realty is a part of the trust fund.

**3. Wills § 31—**

The intent of testator is his will and must be effectuated if not in contravention of some well-settled rule of law.

**4. Wills § 33d— Under terms of trust in this case corpus might be used to provide annuity to life beneficiary.**

The will in question set up a trust fund with direction that testator's wife be paid out of the net income a specified sum monthly during her life or as long as she remained a widow, with further provision that the trustees might sell, exchange, or reinvest any or all of his personal estate in order to carry out this provision. *Held:* The trustees are not limited to income as a source of payment of the annuity but have the power and duty, if necessary, to use the corpus of the fund to make the monthly payments, and therefore what will be left for division to the ultimate beneficiaries cannot be determined until the trust estate terminates, and no part of the estate may be sold for advancement to the ultimate beneficiaries until the termination of the trust estate.

APPEAL by petitioners from *Froneberger, J.,* September 1959 Term, of LINCOLN.

Petitioners instituted this action on 14 March 1959 to have a lot in Lincolnton sold for partition. Plato Miller owned 64% of the lot immediately prior to his death. The remaining 36% is owned by respondents Ward, Golden, Goode, Cochran, and Cameron.

Plato Miller died testate in October 1954, leaving a widow, Corita Miller, and two children, petitioner Robert P. Miller and respondent Virginia McLean. The widow and children are the testamentary beneficiaries. Petitioners allege the father devised his interest to his children Robert and Virginia.

Respondents denied that Robert Miller was vested with such an estate or interest in the property as to give him the right to partition. As a further defense they alleged that Robert Miller was one of the three executors and trustees of a trust fund created by the will of Plato Miller for the benefit of his widow and as such executor and trustee had so interpreted the will and administered the trust fund for his benefit as to imperil the widow's rights if the lot was sold. The widow and other trustees, Robert A. Little and T. R. Ward, were thereupon made respondents. They asserted that by proper interpretation of the will of Plato Miller the lot was a part of the trust estate created to provide income to Mrs. Miller for life or widow-

hood. They further asserted that petitioner was ʟby his interpretation of the will and administration ʟof the trust fund estopped from claiming any present right in the property.

The ʟparties waived a jury trial, stipulated certain facts, andι agreed the court might find other facts from admissions made ʟby the parties. The court made findings including the facts stipulated, set out in the opinion to the extent necessary for a determination of the appeal. Based on its findings it concluded petitioners were estopped to deny the lot was part ʟof the trust fund and adιjudged ʟpetitioners were not entitled to have the lot sold. Petitioners excepted to the conclusion and appealed.

*Redden, Redden & Redden for petitioner appellants.*

*W. H. Childs, Sr., for Corita Edwards Miller, Kemp B. Nixon and George Hopkins for original respondents, and McDougle, Ervin, Horack & Snepp for Robert A. Little and T. R. Ward, remaining trustees and executors.*

RODMAN, J.    Sec. 2 of Plato Miller's will devises to his wife in fee and absolutely his home place and household and kitchen furniture. Her right to this property is not involved in this litigation.

Sec. 3 gives to his wife the ʟsum of $325 to be paid monthly "during her natural life or as long as she remains my widow, ʟand paid directly to her monthly ʟby said trustees out of the net income of my estate as fully set out hereinafter in this will."

Sec. 4 appoints petitioner Robert P. Miller and respondents Robert A. Little and T. R. Ward as trustees to provide payment of the monthly allowance fixed ʟby ʟsec. 3. The trustees are directed to ʟtake charge of all the cash on hand, stocks, ʟbonds, bank deposits, and other personal property "and the income derived from all these sources from said ʟproperties shall ʟbe assets in the hands of said Trustees to pay the $325.00 monthly ʟallowance. . .and that the remaindιer of said income shall be used for the payment of taxes and other necessary expenses ʟof my said estate, and ιafter this is carried out, I will that the remainder of my income shall be equally ʟdivided annually between my son Robert P. Miller ʟand his sister Virginiaι Miller McLean, or to such as legally represent them. . ." The trustees were given power "to sell, exchange, re-invest or changc. . .any or all of my personal estate. . .in order to carry out the monthly payment to my wife . . .I further give my three trustees. . .the full power and authority to advance to my son Robert P. Miller and my daughter Virginiaι Miller McLean, as their necessities may require ʟand the best judg-

ment of said three trustees may dictate, and (sic) part of said bonds, stocks, cash on hand, securities, etc. . . .This trust requirement of said three Trustees. . .shall exist during the natural life or as long as she remains my widow, and at her death or remarriage, the said three Trustees. . .shall divide all the remaining or present stocks, bonds, money, etc. . . .and pay. . .the same equally between my son Robert P. Miller and my daughter Virginia Miller McLean, share and share alike or to such as legally represent them, equalizing any advancements made to either or both of them. . ."

The concluding paragraph of sec. 4 of the will recites that testator owns 64% of the lot now sought to be partitioned, and the remaining 36% was owned by the original respondents.

Sec. 5 devises to his son and daughter "and to such as legally represent them, equally share and share alike" all of his other real estate.

The trustees named in the will were likewise appointed as executors. They qualified and acted as trustees until January 1959 when petitioner Robert P. Miller was permitted to resign as trustee because of his health.

The court found: Those named as executors and trustees, until the resignation of Robert Miller, collected the rents for the lot here sought to be partitioned and deposited the rents so received as part of the trust fund. Robert P. Miller, while acting as executor and trustee, prevailed upon his co-trustees to distribute part of the *corpus* of the trust estate to himself and his sister, representing to them that adequate property would remain after such distributions to fullfill the purposes of the trust "and on such occasions would specifically call the attention of the other Trustees that the property which is the subject of this proceeding was included in the Trust Estate. . ." Based on these representations, the trustees paid over to petitioner and Mrs. McLean substantial parts of the *corpus* of the trust estate. "(S)uch liquidation and distribution was made without the consent or approval of the primary beneficiary Corita Edwards Miller, and a further liquidation of the *corpus* of said Trust could seriously impair the Trust and might render it impossible for the Trustees to carry out the express provisions of the Trust concerning the support and maintenance of Corita Edwards Miller."

Trustees and other fiduciaries must act in good faith. They can never paramount their personal interest over the interest of those for whom they have assumed to act. *Erickson v. Starling*, 233 N.C. 539, 64 S.E. 2d 832; *Hatcher v. Williams*, 225 N.C. 112, 33 S.E. 2d

617; *Carter v. Young,* 193 N.C. 678, 137 S.E. 875; *Freeman v. Cook,* 41 N.C. 373; 54 Am. Jur. 246.

The interpretation of the will made by petitioner-trustee, by placing the rents from the real estate in the trust fund coupled with his assurance to his co-trustees that the realty was part of the trust fund, thereby inducing them to distribute to him and his sister a substantial part of the *corpus* of the fund, so diminishing it as to create doubt as to its sufficiency to pay the widow the monthly sum provided in the will, estops him from now denying that the property is a part of the trust. *McNeely v. Walters,* 211 N.C. 112, 189 S.E. 114; *Bank v. Winder,* 198 N.C. 18, 150 S.E. 489; *Auto Co. v. Rudd,* 176 N.C. 497, 97 S.E. 477; *Holloman v. R. R.,* 172 N.C. 372, 90 S.E. 292.

Because petitioner's conduct has estopped him from denying the lot is a part of the trust fund, we must determine if he is entitled, as a remainderman, to partition the trust estate. G.S. 46-23. The answer is to be found by ascertaining testator's intent, for his intent will, if not in violation of some well-settled rule of law, be given effect. *Entwistle v. Covington,* 250 N.C. 315, 108 S.E. 2d 603. Did testator intend to give the income not to exceed $325 per month to his widow, or did he mean to provide her with a fixed monthly amount for widowhood to be paid from the income of the fund, if sufficient, but if not, from the *corpus?*

It is, we think, apparent that testator intended that a fixed sum be paid each month. True, he estimated the income from the fund would provide more than enough to pay this amount, the cost of administering the trust, and leave surplus income. But he likewise foresaw that it might not. He gave to the trustees the power to sell parts of the trust estate. The trustees are not limited to income as a source of payment. If the income should prove insufficient, the trustees have the power and would be under a duty to use the *corpus* of the fund to make the monthly payments. What will be left for division cannot be determined until the trust estate terminates. *Moore v. Langston,* 251 N.C. 439; *Shepard v. Bryan,* 195 N.C. 822, 143 S.E. 385; *University v. Borden,* 132 N.C. 476; *Erwin v. Erwin,* 115 N.C. 366.

Since petitioners have no vested right to any part of the trust fund, they cannot have a sale of the lot in question. *Makely v. Shore,* 175 N.C. 121, 95 S.E. 51.

Affirmed.