FARON L. DANIEL, Plaintiff v. KATHLEEN MARY DANIEL, Defendant

No. COA98-88

(Filed 2 February 1999)

**Divorce— absolute divorce complaint—answer denying allegations—summary judgment**

Defendant wife's verified answer generally denying the allegations of plaintiff husband's verified complaint for absolute divorce was insufficient to raise a genuine issue of material fact, and the trial court properly granted plaintiff's motion for summary judgment on his divorce claim.

Appeal by defendant from judgment signed 17 December 1997 by Judge Jerry F. Waddell in Pamlico County District Court. Heard in the Court of Appeals 5 January 1999.

*Peter Mack, Jr., for plaintiff-appellee.*

*David H. Rogers, for defendant-appellant.*

DANIEL v. DANIEL

[132 N.C. App. 217 (1999)]

GREENE, Judge.

Kathleen Daniel (Defendant) appeals from the trial court's order granting of Faron Daniel's (Plaintiff) motion for summary judgment.

On 8 August 1997, Plaintiff filed a verified complaint with the Clerk of Court in Pamlico County seeking an absolute divorce. In his complaint, Plaintiff alleges, *inter alia*: (1) "3. The parties were inter-married on July 1, 1989 and are still intermarried"; (2) "5. For more than one year next preceding the institution of this action the parties have lived continuously separate and apart from each other, to wit: June 8, 1996"; (3) "6. At the time the parties separated it was the intention of the Plaintiff to live thereafter permanently separate and apart from the Defendant"; and (4) "9. That the Plaintiff is entitled and should be granted an absolute divorce from the Defendant." Plaintiff also requested that his verified complaint be "taken as an affidavit upon which the [trial] Court may base all of its orders in this case."

On 5 September 1997, Defendant filed a verified motion to dismiss, answer, and counterclaim (collectively, answer) wherein she states, *inter alia*, "P# 5, 6 and 9 of the Complaint are denied." Defendant also moved to dismiss Plaintiff's complaint and filed a counterclaim for alimony, child custody of both children, and child support. In addition, Defendant requested that her answer "be allowed and taken as Defendant's affidavit in support of her allegations and statements upon which may be based all Orders of this Court."

On 30 September 1997, Plaintiff moved for summary judgment on his request for an Absolute Divorce,[1] and his motion was granted on 17 December 1997, *nunc pro tunc*, 24 October 1997. Defendant filed notice of appeal on 20 November 1997, assigning error to the trial court's determination that there was no triable issue of material fact with respect to Plaintiff's claim for Absolute Divorce.

The dispositive issue is whether Defendant's answer generally denying the allegations of Plaintiff's complaint for Absolute Divorce is sufficient to raise a genuine issue of material fact.

A party moving for summary judgment has the burden of establishing the lack of any genuine issue of material fact and that he is entitled to a judgment as a matter of law. N.C.G.S. § 1A-1, Rule 56(c)

---

1. Plaintiff supported his motion for summary judgment with an affidavit that is not part of the record on appeal, and his verified complaint.

DANIEL v. DANIEL

[132 N.C. App. 217 (1999)]

(1990); *Pembee Mfg. Corp. v. Cape Fear Constr. Co.*, 313 N.C. 488, 491, 329 S.E.2d 350, 353 (1985); N.C.G.S. § 50-10(d) (1995) (summary judgment appropriate for absolute divorce based on one year separation). If the moving party meets this burden, "an adverse party may not rest upon the mere allegations or denials of his pleading, but his response, by affidavits or as otherwise provided in this rule, must set forth *specific facts* showing that there is a genuine issue for trial." N.C.G.S. § 1A-1, Rule 56(e) (1990) (emphasis added). "If [the non-movant] does not so respond, summary judgment, if appropriate, shall be entered against him." *Id*. A verified pleading may be treated as an affidavit for summary judgment purposes if it: (1) is made on personal knowledge; (2) sets forth such facts as would be admissible into evidence; and (3) shows affirmatively that the affiant is competent to testify to the matters stated therein. N.C.G.S. § 1A-1, Rule 56(e) (1990); *Page v. Sloan*, 281 N.C. 697, 705, 190 S.E.2d 189, 194 (1972).

In this case, Plaintiff's verified complaint satisfies the requisite criteria to be treated as an affidavit, and establishes the parties had lived continuously separate and apart for one year, with the intention of Plaintiff to live permanently separate and apart. The affidavit/complaint raises no issues of material fact and establishes Plaintiff's entitlement to an Absolute Divorce based on a one-year separation with an intention on the part of Plaintiff to remain separate and apart.[2] *See Earles v. Earles*, 29 N.C. App. 348, 349, 224 S.E.2d 284, 286 (1976) ("[T]here must be both a physical separation and an intention on the part of at least one of the parties to cease matrimonial cohabitation."). Defendant, therefore, had the burden of bringing forth specific facts showing there was a genuine issue for trial or in the absence of such a showing, that Plaintiff was not entitled to judgment. In her verified answer, which is treated as an affidavit because it satisfies the requisite criteria, Defendant simply made a general denial of the pertinent allegations of Plaintiff's complaint. This general denial is insufficient to "set forth [the] specific facts" at issue for trial, as required by Rule 56(e), and Defendant thus failed to rebut Plaintiff's motion for summary judgment. *See Amoco Oil Co.*

---

2. Of course Plaintiff had the burden of also showing that he and/or Defendant had resided in North Carolina for a period of six months next preceding the commencement of the divorce action. N.C.G.S. § 50-6 (1995); *Bruce v. Bruce*, 79 N.C. App. 579, 580, 339 S.E.2d 855, 856, *disc. review denied*, 317 N.C. 701, 347 S.E.2d 36 (1986). Plaintiff alleges and Defendant admits in her answer that she had been a resident of North Carolina for six months next preceding the filing of the divorce complaint. Thus there is no genuine issue of fact on this issue.

*v. Griffin*, 78 N.C. App. 716, 718, 338 S.E.2d 601, 602 (an answer re-affirmed by an affidavit "which only generally denies the allegations of the complaint fails to raise a genuine issue of fact"), *disc. review denied*, 316 N.C. 374, 342 S.E.2d 889 (1986). Accordingly, the trial court properly granted Plaintiff's motion for summary judgment on his claim for Absolute Divorce.

Affirmed.

Judges JOHN and HUNTER concur.