SMITH v. SMITH

[151 N.C. App. 130 (2002)]

JACK V. SMITH, Plaintiff v. LINDA SUE SMITH, Defendant

No. COA01-601

(Filed 18 June 2002)

**Divorce— living separate and apart—knowledge of parties**

The trial court did not err by entering a decree of absolute divorce under N.C.G.S. § 50-6 based on plaintiff husband's intent to separate from defendant on 21 January 1999 even though defendant wife contends she had no knowledge of plaintiff's intention to live separate and apart and ultimately end their marriage until September 1999, because: (1) N.C.G.S. § 50-6 states that at least one of the parties must have the intent to cease the matrimonial cohabitation, and our courts have never required that the remaining party must also have knowledge of the other party's intent to cease cohabitation; (2) the parties physically separated on 21 January 1999 when plaintiff moved to North Carolina, it was plaintiff's intention to cease cohabitation with defendant at that time, and the parties did not resume cohabitation when defendant and the parties' minor child eventually relocated to North Carolina; (3) the parties did not engage in a sexual relationship after October 1998; and (4) both plaintiff's minor child and his niece were aware of his intention to cease cohabitation with defendant when he moved to North Carolina.

Appeal by defendant from judgment entered 16 October 2000 by Judge Peter L. Roda in Buncombe County District Court. Heard in the Court of Appeals 21 February 2002.

*Pitts, Hay & Hugenschmidt, P.A., by James J. Hugenschmidt, for plaintiff-appellee.*

*Robert E. Riddle, P.A., by Diane K. McDonald, for defendant-appellant.*

CAMPBELL, Judge.

Defendant appeals a judgment granting plaintiff a decree of absolute divorce. We affirm.

Plaintiff and defendant were married to each other on 3 May 1986. From this marriage one minor child, Kelley Regina Smith, was born on 23 November 1986.

While living in Florida in 1996, the parties began having marital difficulties. These difficulties continued through October of 1998, at which time the parties ended their sexual relationship. Eventually, in early December of 1998, plaintiff told defendant that he was unhappy in the marriage and moved from the master bedroom to the guest bedroom at the other end of the marital home.

On 21 January 1999, business reasons prompted plaintiff to move from the parties' Florida residence to Buncombe County, North Carolina. Defendant initially remained in Florida so that the minor child could finish the sixth grade and the parties could sell the marital home. Although the whole family planned to relocate to North Carolina by the summer of 1999, plaintiff told the minor child that he would not be living with them when she and defendant relocated. The minor child never discussed this conversation with defendant.

Plaintiff began living with his niece when he moved to North Carolina. By February of 1999, plaintiff's niece became aware of his intention to separate from defendant. Plaintiff also told his niece that he had not informed defendant of his intention to divorce her.

Defendant made at least two trips to Buncombe County in early 1999 to look for a house to purchase with plaintiff. Defendant stayed in a hotel during these trips, but plaintiff did not stay with her. (Plaintiff also returned to Florida twice during the Spring of 1999, but stayed in the marital home's guest bedroom.) The parties eventually purchased a house, which was deeded to them as tenants by the entirety. Defendant and the minor child took up residence in the new home in July of 1999. Plaintiff did not move in with them. Instead, plaintiff remained with his niece because he claimed she was afraid of her neighbors. Plaintiff never spent a night in the new home nor did he resume a marital relationship with defendant after she relocated to North Carolina.

Defendant learned of plaintiff's intention to end their marriage in September of 1999. On 7 April 2000, plaintiff filed a complaint for absolute divorce pursuant to Section 50-6 of the North Carolina General Statutes. In the complaint, plaintiff alleged that he and defendant "separated January 21, 1999, and have lived continuously separate and apart since that date." After being granted an extension of time, defendant filed an answer on 16 May 2000 that included a Rule 12(b)(6) motion to dismiss plaintiff's claim for failure to state a claim upon which relief can be granted. Additionally, defendant counterclaimed alleging that their separation did not occur until 25

September 1999 and requesting that plaintiff's action therefore be dismissed. Plaintiff timely replied and denied defendant's allegation.

The trial for absolute divorce was heard before Judge Peter L. Roda on 28 August 2000. Prior to the entry of judgment, defendant amended her answer on 24 September 2000 and asked to resume her maiden name. On 16 October 2000, the court entered a judgment concluding that although "the Plaintiff moved from the marital home in January 1999 with the intent to obtain a divorce from the Defendant [and] that the Defendant did not know of the Plaintiff's intent to separate until September 1999[,]" plaintiff was entitled to an absolute divorce from defendant. Furthermore, the court concluded that defendant could resume the use of her maiden name. Defendant appeals this judgment.

The sole issue before this Court is whether one party's intent to cease cohabitation without his spouse's knowledge, but for the statutory time period under Section 50-6, is sufficient to grant that party a decree of absolute divorce. We hold that it is sufficient.

Section 50-6 of our statutes addresses the right of either spouse to apply for dissolution of marriage after a one-year separation. It states, in pertinent part, that:

> Marriages may be dissolved and the parties thereto divorced from the bonds of matrimony on the application of either party, *if and when the husband and wife have lived separate and apart for one year*, and the plaintiff or defendant in the suit for divorce has resided in the State for a period of six months. . . .

> Whether there has been a resumption of marital relations during the period of separation shall be determined pursuant to G.S. 52-10.2. Isolated incidents of sexual intercourse between the parties shall not toll the statutory period required for divorce predicated on separation of one year.

N.C. Gen. Stat. § 50-6 (2001) (emphasis added).

In the case *sub judice*, defendant argues that the trial court's judgment should be reversed because she had no knowledge of plaintiff's intention to live "separate and apart" and ultimately end their marriage until September of 1999. In addressing whether a husband and wife have lived "separate and apart," this Court has repeatedly held that these words require "both a physical separation and an intention on the part of at least one of the parties to cease the

matrimonial cohabitation." *Earles v. Earles*, 29 N.C. App. 348, 349, 224 S.E.2d 284, 286 (1976). *See also Myers v. Myers*, 62 N.C. App. 291, 294, 302 S.E.2d 476, 479 (1983); *Daniel v. Daniel*, 132 N.C. App. 217, 219, 510 S.E.2d 689, 690 (1999). Our courts have never required that the remaining party must also have knowledge of the other party's intent to cease cohabitation; therefore, we decline to do so now, especially when there is overwhelming evidence that all the requirements of Section 50-6 were met. Here, the parties physically separated on 21 January 1999 when plaintiff moved to North Carolina. As found by the trial court, it was plaintiff's intention to cease cohabitation with defendant at that time, and the parties did not resume cohabitation when defendant and the minor child eventually relocated to North Carolina. Also, the parties did not engage in a sexual relationship after October of 1998. Finally, both plaintiff's minor child and his niece were aware of his intention to cease cohabitation with defendant when he moved to North Carolina. Thus, plaintiff met all of the necessary requirements to dissolve his marriage to defendant under Section 50-6.

In conclusion, we hold that the trial court did not err when it entered a decree of absolute divorce based on plaintiff's intent to separate from defendant on 21 January 1999.

Affirmed.

Judges MARTIN and HUDSON concur.