IN THE COURT OF APPEALS OF NORTH CAROLINA

 No. COA19-58

 Filed: 20 August 2019

Currituck County, No. 18-CVD-93

DOROTHY P. VOLIVA, Plaintiff,

 v.

CHARLES DUDLEY and WENDY CHLOE GREWE, Defendants.

 Appeal by Defendants from order entered 6 September 2018 by Judge Robert

P. Trivette in Currituck County District Court. Heard in the Court of Appeals 9 May

2019.

 Trimpi & Nash, LLP, by John G. Trimpi, for Plaintiff-Appellee.

 Sharp, Graham, Baker & Varnell, LLP, by Casey C. Varnell, for Defendants-
 Appellants.

 COLLINS, Judge.

 Defendants Charles Dudley and Wendy Chloe Grewe appeal from an order

denying their motion to dismiss and motion for judgment on the pleadings made

pursuant to North Carolina Rules of Civil Procedure 12 and 56, and granting

Plaintiff’s motion for summary judgment made pursuant to Rule 56 on Plaintiff’s

cause of action alleging breach of contract. Defendants contend that the trial court

erred by granting Plaintiff’s motion for summary judgment because genuine issues of

material fact exist that preclude summary judgment in Plaintiff’s favor, and that the
 VOLIVA V. DUDLEY

 Opinion of the Court

trial court erred by denying Defendants’ motion for judgment on the pleadings

because the purported contract was illegally procured and unenforceable as a matter

of law. We reverse and remand in part and affirm in part.

 I. Background

 Amy Cassandra Dudley Payne died testate in April 2013, naming Plaintiff as

the desired executrix of her estate. On 7 May 2013, Plaintiff filed an application for

probate and letters testamentary with the Clerk of Superior Court. The Clerk

probated the Payne will and issued Plaintiff letters testamentary the same day.

 The Payne will provided, in relevant part, that Plaintiff was to sell certain real

property owned by the decedent and to distribute the net proceeds of the sale equally

amongst the three beneficiaries: Tony Voliva, Defendant Dudley, and Defendant

Grewe (collectively, the “Beneficiaries”). On 11 March 2014, pursuant to the desires

of the Beneficiaries, Plaintiff and the Beneficiaries filed a verified petition in the

Superior Court seeking the court’s permission to allow Plaintiff to deviate from the

terms of the will by foregoing the contemplated sale and conveying the real property

to the Beneficiaries instead. The Superior Court entered an order on 12 March 2014

allowing the deviation and the conveyance. Plaintiff had the real property surveyed

and divided into three parcels, and conveyed one parcel to each of the Beneficiaries.

 On 2 December 2014, Plaintiff filed an application in the Superior Court

seeking an executor’s commission of $4,504.38, which amounted to five percent of the

 -2-
 VOLIVA V. DUDLEY

 Opinion of the Court

total receipts and disbursements of the Payne estate. The Clerk entered an order the

same day granting Plaintiff the commission she sought. On 7 February 2018,

Plaintiff filed a final account in the Superior Court, and the Clerk approved the final

account on 12 February 2018.

 On 7 March 2018, Plaintiff filed a complaint in the District Court (the “trial

court”) seeking to enforce the terms of a promissory note executed by the Beneficiaries

on 24 January 2014 (the “Note”), which Plaintiff attached as an exhibit to her

complaint. Per the terms of the Note, the Beneficiaries became jointly and severally

liable to Plaintiff in the amount of $15,000 “FOR VALUE RECEIVED.” The Note

does not reference the Payne will or otherwise describe what value was provided in

exchange for the Beneficiaries’ promise to pay. In the complaint, Plaintiff alleges that

Tony Voliva, who is her son, is the only beneficiary who has paid her anything under

the Note. Plaintiff seeks to enforce the Note against Defendants only, and seeks the

balance of the principal due on the Note plus interest, attorney’s fees, and costs.

 On 15 May 2018, Defendants filed a motion to dismiss pursuant to N.C. Gen.

Stat. § 1A-1, Rule 12(b)(6), and answered the complaint, raising the defenses of lack

of consideration; fraud, duress, and undue influence; and unclean hands. Defendants’

motion to dismiss and answer included a number of factual allegations, including that

“[t]he entire claim of the Plaintiff and alleged consideration for the subject promissory

note stems directly from” the probate of the Payne will, and that after Defendants

 -3-
 VOLIVA V. DUDLEY

 Opinion of the Court

“suggested” to Plaintiff that they preferred the partition and conveyance of the real

property to the sale, “Plaintiff informed the Defendants that [Plaintiff] would not

agree to or allow an in-kind partition of the Property unless and until the Defendants

executed” the Note. On 13 July 2018, Defendants filed a motion for judgment on the

pleadings pursuant to N.C. Gen. Stat. § 1A-1, Rules 12(c) and 56, arguing that there

exist no genuine issues of material fact and that Defendants were entitled to

judgment as a matter of law.

 On 31 July 2010, Plaintiff filed a motion for summary judgment under Rule

56, arguing that there exist no genuine issues of material fact and that Plaintiff was

entitled to judgment as a matter of law. Plaintiff attached to her motion for summary

judgment two affidavits: one of her own, and one executed by William Brumsey, III,

the attorney who both helped Plaintiff administer the Payne estate and drafted the

Note on behalf of the Beneficiaries. In her own affidavit, Plaintiff states that she

“never spoke to or had any conversation with either of the defendants pertaining to

the transaction in question or the [Note],” and that the Note was “the result of a

negotiated settlement arrangement between [Tony Voliva] and the two defendants in

this action.”

 On 13 August 2018, Defendants filed verifications in which they stated that

the 15 May 2018 motion to dismiss and answer “is true of [their] own knowledge,

 -4-
 VOLIVA V. DUDLEY

 Opinion of the Court

except as to those matters and things stated on information and belief,” which

Defendants stated they believed to be true.

 On 6 September 2018, the trial court entered an order (1) granting Plaintiff’s

motion for summary judgment, (2) denying Defendants’ motions, and (3) ordering

Defendants to pay Plaintiff damages, attorney’s fees, and costs. Defendants timely

appealed.

 II. Discussion

 Defendants contend that the trial court erred by (1) granting Plaintiff’s motion

for summary judgment because genuine issues of material fact exist that preclude

summary judgment in Plaintiff’s favor and (2) denying Defendants’ motion for

summary judgment1 because the purported contract was illegally procured and

unenforceable as a matter of law.

 a. Standard of review

 Summary judgment is proper “if the pleadings, depositions, answers to

interrogatories, and admissions on file, together with the affidavits, if any, show that

there is no genuine issue as to any material fact and that any party is entitled to a

judgment as a matter of law.” N.C. Gen. Stat. § 1A-1, Rule 56 (2018). “The party

 1 As the parties each recognize in their briefs, the fact that the trial court was presented with
evidence outside of the pleadings (e.g., Defendants’ verified factual allegations in their 15 May 2018
motion to dismiss and answer) and did not exclude said evidence converted Defendants’ motion for
judgment on the pleadings into a motion for summary judgment. See N.C. Gen. Stat. § 1A-1, Rules
12(c) and 56.

 -5-
 VOLIVA V. DUDLEY

 Opinion of the Court

moving for summary judgment ultimately has the burden of establishing the lack of

any triable issue of fact.” Pembee Mfg. Corp. v. Cape Fear Const. Co., 313 N.C. 488,

491, 329 S.E.2d 350, 353 (1985). We review a trial court’s order granting or denying

summary judgment de novo. Variety Wholesalers, Inc. v. Salem Logistics Traffic

Servs., LLC, 365 N.C. 520, 523, 723 S.E.2d 744, 747 (2012).

 b. Analysis

 This is an action alleging breach of contract.2 “The elements of a claim for

breach of contract are (1) existence of a valid contract and (2) breach of the terms of

that contract.” Supplee v. Miller-Motte Bus. Coll., Inc., 239 N.C. App. 208, 216, 768

S.E.2d 582, 590 (2015) (citation omitted). The questions for this Court are therefore

(1) whether the trial court properly concluded that Plaintiff succeeded in meeting her

burden of establishing that the pleadings, depositions, answers to interrogatories,

admissions on file, and affidavits show that there exist no genuine issues of material

fact regarding whether (a) the Note is a valid contract and (b) Defendants breached

the Note, and that Plaintiff was accordingly entitled to judgment as a matter of law,

and (2) whether the trial court properly concluded that Defendants failed in meeting

their burden of establishing that the same documents show there exist no genuine

 2 Defendants do not contest Plaintiff’s standing to bring suit under the Note. While not herself
a party to the Note, since she was the intended beneficiary of the Note, Plaintiff may bring suit under
the Note pursuant to the third-party beneficiary doctrine. See Raritan River Steel Co. v. Cherry,
Bekaert & Holland, 329 N.C. 646, 651, 407 S.E.2d 178, 181 (1991) (discussing third-party beneficiary
doctrine).

 -6-
 VOLIVA V. DUDLEY

 Opinion of the Court

issues of material fact regarding the same issues and that Defendants are entitled to

judgment as a matter of law.

 Defendants admit that they signed the Note obligating them to pay Plaintiff,

and do not allege that they have paid Plaintiff anything pursuant thereto.

Defendants’ breach of the Note is therefore not in dispute.

 Defendants argue, however, that the Note is unenforceable for lack of

consideration and because of fraud/duress/undue influence attributable to Plaintiff,3

and that the Note is therefore not a valid contract. The gravamen of Defendants’

argument is that Plaintiff, as executrix of the Payne estate, had a fiduciary duty to

Defendants, as beneficiaries of the Payne will, and that Plaintiff breached her duty

by demanding that Defendants execute the Note in her favor in exchange for her

agreement to support the in-kind conveyance of the real property.

 An executrix is a fiduciary to the beneficiaries of the estate she administers.

See Fortune v. First Union Nat’l Bank, 323 N.C. 146, 149, 371 S.E.2d 483, 485 (1988);

N.C. Gen. Stat. § 32-2(a) (2018). “Fiduciaries must act in good faith. They can never

paramount their personal interest over the interest of those for whom they have

assumed to act.” Miller v. McLean, 252 N.C. 171, 174, 113 S.E.2d 359, 362 (1960).

 3 Defendants make no arguments regarding unclean hands in their brief, and we accordingly
consider that issue abandoned for purposes of this appeal. N.C. R. App. P. 28(b)(6) (2018) (“Issues not
presented in a party’s brief, or in support of which no reason or argument is stated, will be taken as
abandoned.”).

 -7-
 VOLIVA V. DUDLEY

 Opinion of the Court

“Both by law and the words of h[er] oath [an executrix] must faithfully execute the

trust imposed in [her]. [Sh]e must be impartial. [Sh]e cannot use [her] office for [her]

personal benefit.” In re Will of Covington, 252 N.C. 551, 553, 114 S.E.2d 261, 263

(1960).

 If able to convince the factfinder that Plaintiff demanded the Note in exchange

for an agreement to perform her duties as executrix in violation of a fiduciary duty

owed to them, Defendants could have the Note set aside, e.g., under the doctrine of

constructive fraud. See Crumley & Assocs., P.C. v. Charles Peed & Assocs., P.A., 219

N.C. App. 615, 620, 730 S.E.2d 763, 767 (2012) (“To establish constructive fraud, a

plaintiff must show that defendant (1) owes plaintiff a fiduciary duty; (2) breached

this fiduciary duty; and (3) sought to benefit h[er]self in the transaction.”); Mehovic

v. Mehovic, 133 N.C. App. 131, 135, 514 S.E.2d 730, 733 (1999) (“a party alleging

fraud must elect either the remedy of rescission or that of damages”).

 Defendants filed verifications of their motion to dismiss and answer, in which

they swore on personal knowledge that Plaintiff told Defendants she would not allow

the in-kind conveyance of the real property unless Defendants executed the Note in

her favor. Defendants’ verifications satisfy the requisite criteria to be treated as an

affidavit for purposes of summary judgment. See Daniel v. Daniel, 132 N.C. App. 217,

219, 510 S.E.2d 689, 690 (1999) (“A verified pleading may be treated as an affidavit

for summary judgment purposes if it: (1) is made on personal knowledge; (2) sets forth

 -8-
 VOLIVA V. DUDLEY

 Opinion of the Court

such facts as would be admissible into evidence[4]; and (3) shows affirmatively that

the affiant is competent to testify to the matters stated therein.” (citing Rule 56(e)).

 Plaintiff subsequently filed affidavits of her own, however, denying

Defendants’ allegations and asserting that she never spoke with Defendants

regarding the Note. The parties’ contradictory affidavits create genuine issues of fact

which, if material, preclude summary judgment. Hyde v. Taylor, 70 N.C. App. 523,

528, 320 S.E.2d 904, 907 (1984).

 The question of whether Plaintiff demanded the Note in exchange for

supporting the in-kind conveyance of the real property is material to the question of

the Note’s validity and enforceability. By virtue of the material uncertainty

concerning the way the Note came into being5 created by the parties’ contradictory

 4 While the parol evidence rule “prevents the introduction of extrinsic evidence of agreements
or understandings contemporaneous with or prior to execution of a written instrument when the
extrinsic evidence is used to contradict, vary, or explain the written instrument[,]” Carolina First Bank
v. Stark, Inc., 190 N.C. App. 561, 568, 660 S.E.2d 641, 646 (2008) (citation omitted), parol evidence is
admissible to establish contract defenses like those raised by Defendants. See Phelps-Dickson
Builders, L.L.C. v. Amerimann Partners, 172 N.C. App. 427, 437 n.3, 617 S.E.2d 664, 670 n.3 (2005)
(“[T]he parol evidence rule does not bar the admission of parol evidence to prove that a written contract
was procured by fraud because the allegations of fraud challenge the validity of the contract itself, not
the accuracy of its terms.” (internal quotation marks, brackets, and citation omitted)); Restatement
(Second) of Contracts § 214(d) (1981) (parol evidence admissible to prove “illegality, fraud, duress,
mistake, lack of consideration, or other invalidating cause.”).

 5 Plaintiff asserts in her affidavit that it is her understanding that the Note was one aspect of
an agreement between the Beneficiaries to petition the trial court for the in-kind conveyance.
Plaintiff’s understanding of what the Beneficiaries agreed to is not based upon Plaintiff’s personal
knowledge, however, and therefore is not properly considered in adjudging the propriety of summary
judgment. N.C. Gen. Stat. § 1A-1, Rule 56(e). But if Plaintiff is able to prove at trial that Tony Voliva
demanded that Defendants execute the Note in exchange for his agreement to join the petition for the
in-kind conveyance, the Note could be enforced as a valid third-party beneficiary contract. See

 -9-
 VOLIVA V. DUDLEY

 Opinion of the Court

affidavits, there thus exist genuine issues of material fact regarding the validity of

the Note Plaintiff seeks to enforce, and we accordingly conclude that the trial court

(1) erred by granting Plaintiff’s motion for summary judgment and (2) did not err by

denying Defendants’ motion for summary judgment.

 III. Conclusion

 Because genuine issues of material fact exist regarding whether the Note is a

valid and enforceable contract, we reverse the trial court’s grant of Plaintiff’s motion

for summary judgment, affirm the trial court’s denial of Defendants’ motion for

summary judgment, and remand to the trial court for further proceedings consistent

with this opinion.

 REVERSED AND REMANDED IN PART AND AFFIRMED IN PART.

 Judges DIETZ and MURPHY concur.

Wachovia Bank & Trust Co. v. Allen, 232 N.C. 274, 279, 60 S.E.2d 117, 120-21 (1950) (“Where land is
directed to be converted into money . . . all the parties entitled beneficially thereto have the right to
take the property in its unconverted form, and thus prevent the actual conversion thereof, and this
right to take the realty instead of the proceeds is not limited to beneficiaries who also hold the legal
title. In the case of land, the election of one of the beneficiaries alone will not change the character of
the estate; all the persons so beneficially interested must join, and all must be bound.”) (emphasis added)
(quotation marks and citation omitted).

 - 10 -