## JAMES B. ROUSE v. GRACE R. ROUSE.

(Filed 11 January 1963.)

**Divorce and Alimony § 13—**

Decree awarding the wife alimony without divorce, G.S. 50-16, legalizes the separation even though the decree is based on the wrongful act of the husband in abandoning the wife, and the husband is entitled to a divorce under G.S. 50-6 when the parties have lived separate and apart for two years subsequent to the date of the decree for alimony without divorce.

APPEAL by defendant from *Bundy, J.,* May 28, 1962, Civil Term of LENOIR.

This action for divorce on the grounds of two years' separation was instituted March 1, 1962. The facts, developed by plaintiff's evidence, are not in dispute. The defendant offered no evidence.

Plaintiff and defendant were married in November, 1949. On January 26, 1957, the plaintiff wilfully abandoned the defendant and the children of their marriage. Thereafter the defendant-wife instituted a suit against him for alimony without divorce under G.S. 50-16. On May 30, 1957, the Superior Court of Lenoir County, by a final judgment, adjudicated that the plaintiff had wilfully abandoned his wife and ordered him to pay her alimony. Defendant plead this judgment in bar of plaintiff's action for divorce.

The court sustained the plaintiff's demurrer to the plea in bar and overruled defendant's motions for judgment of nonsuit. These rulings are the subject of assignments of error 1, 2 and 3.

The usual three issues were submitted to the jury and answered in favor of the plaintiff. On the issue of separation the judge charged the jury that the separation between plaintiff and defendant prior to the entry of the judgment on May 30, 1957, could not be counted as a part of the two years' separation required for a divorce under G.S. 50-6, but that the judgment began a new period of separation. He told the jury that if the plaintiff and defendant had lived continuously separate and apart from each other for two years prior to the institution of the action and after the signing of the judgment on May 30, 1957, it would be its duty to answer the issue YES. The exceptions to this charge constitute defendant's assignment of error No. 4.

From a judgment entered on the verdict decreeing an absolute divorce defendant appealed.

*J. Harvey Turner for plaintiff appellee.*
*H. Frank Owens for defendant appellant.*

SHARP, J.  Each of defendant's assignments of error presents this question: Does a judgment in an action instituted under G.S. 50-16 decreeing that the husband has wilfully abandoned the wife and awarding her support and maintenance constitute a judicial separation which, two years thereafter, will permit the husband to obtain an absolute divorce? The answer is YES.

As pointed out by *Bobbitt, J.,* in *Richardson v. Richardson,* 257 N.C. 705, 127 S.E. 2d 525: "According to our decisions, the effect of a divorce *a mensa et thoro,* obtained by the wife on the ground her husband abandoned her, is to legalize their separation from the date of such judgment; and in such case the husband, after two years from the date of such judgment, may proceed to an absolute divorce. *Lockhart v. Lockhart,* 223 N.C. 559, 27 S.E. 2d 444; *Pruett v. Pruett,* 247 N.C. 13, 100 S.E. 2d 296; *Sears v. Sears,* 253 N.C. 415, 117 S.E. 2d 7."

In *Schlagel v. Schlagel,* 253 N.C. 787, 117 S.E. 2d 790 (a case which decided only that the Clerk of the Superior Court had no authority to enter a judgment by default and inquiry in a suit for alimony without divorce under G.S. 50-16) we find the following assertion: "A divorce from bed and board is nothing more than a judicial separation; that is, an authorized separation of the husband and wife. Such divorce merely suspends the effect of the marriage as to cohabitation, but does not dissolve the marriage bond. . .This is *precisely the effect of an action under G.S. 50-16,* except that it is only available to the wife." (Emphasis added and citations omitted). We affirm this statement as the law.

The law does not require a man to live with his wife. It does, however, force him to support her in the absence of some compelling reason to the contrary. When the law, by civil judgment, has secured to the wife reasonable support and maintenance after a husband has wrongfully separated himself from her, it has required him to perform his legal obligation and can do no more. The separation is legalized from then on unless marital relations are resumed thereafter. A resumption of marital relations would likewise invalidate a divorce *a mensa et thoro.*

The defendant argues that this action should have been dismissed upon the authority of *Taylor v. Taylor,* 257 N.C. 130, 125 S.E. 2d 373. This contention results from a failure to distinguish the facts

of that case from those of this one. Taylor's action for an absolute divorce under G.S. 50-6 was not based upon a judicial separation but upon a criminal abandonment for which he had been convicted. After Taylor separated himself from his wife on June 18, 1958, they did not again live together. On September 3, 1958, he was convicted of abandonment and nonsupport of his wife and children. Thereafter no civil action was instituted by either party against the other. There was no judgment decreeing either a divorce *a mensa et thoro* or alimony without divorce to interrupt the original criminal abandonment and start a new period of separation. Taylor could not base his action on his own criminal conduct. *Byers v. Byers*, 223 N.C. 85, 25 S.E. 2d 466; *Pruett v. Pruett*, 247 N.C. 13, 100 S.E. 2d 296.

In the instant case, as the judge correctly charged the jury, plaintiff began a new period of separation on the date the judgment was entered in the action instituted by the wife under G.S. 50-16. Two years thereafter he was legally entitled to institute his action for divorce. Defendant's assignments of error are overruled.

No error.