MATTHEW M. WILSON v. JOSEPHINE WILSON.

(Filed 16 October 1963.)

**Divorce and Alimony § 13—**

The wife's decree for permanent alimony under G.S. 50-16 legalizes their separation notwithstanding the initial separation was due to the husband's abandonment of his wife and children, and he may maintain an action for absolute divorce two years after the separation has been thus legalized notwithstanding intervening proceedings for contempt were necessary to enforce the payment of the alimony decreed, although his decree will not impair his liability for alimony under the former judgment or affect the power of the court to enforce it.

APPEAL by defendant from *Campbell, J.,* May 1963 Session of CALDWELL.

Action for absolute divorce. In his complaint, filed April 4, 1963, the plaintiff husband alleges, *inter alia,* that he and defendant have been continuously and legally separated since September 26, 1960, the date of a judgment of the Superior Court awarding permanent alimony to the defendant. Plaintiff avers that he has complied with the judgment and that his payments are now current. Answering, the defendant admitted all allegations of the complaint except those pertaining to the separation. By Further Answer, she alleged the following facts:

Plaintiff never adequately supported his wife and their six children. On August 4, 1953 he was convicted in the Caldwell County Recorder's Court of abandonment and nonsupport and sentenced to six months in prison. The sentence was suspended on condition that he pay $125.00 a month for the support of his family. Capiases were issued for plaintiff on December 11, 1953 and in 1954 and 1955 because of his wilful failure to make the payments ordered. Finally, in November 1956 the

suspension was revoked and plaintiff served the prison sentence. Upon his release, he did not return to his wife and children and still refused to support them. The defendant instituted an action against plaintiff in the Superior Court for alimony without divorce. Pending the trial of the issues, the court ordered plaintiff to make payments to the defendant for her temporary support. He was several times adjudged in contempt for failure to make the required payments and, on one occasion, was jailed until he paid the arrearage. At the September 1960 Term, the jury answered the issues in defendant's favor and a judgment was entered awarding her permanent alimony. Thereafter, plaintiff complied with the judgment only under the threat that his real property would be placed in the hands of a receiver if he failed to make the required payments.

Defendant prayed that plaintiff be denied a divorce. At the May Session plaintiff demurred *ore tenus* to the Further Answer. The matter was continued for defendant's counsel and, by consent, was heard in Burke County on June 5th. The judge sustained the demurrer and defendant appealed.

*Fate J. Beal for plaintiff appellee.*
*Seila, Wilson and Palmer for defendant appellant.*

PER CURIAM.   The order sustaining the demurrer must be affirmed under the authority of *Rouse v. Rouse,* 258 N.C. 520, 128 S.E. 2d 865. Plaintiff and defendant began a new period of separation on September 26, 1960, the date of the judgment awarding defendant permanent alimony in her action instituted under G.S. 50-16. Two years thereafter plaintiff was legally entitled to institute this action. A decree of absolute divorce will neither impair his liability for alimony under the former judgment nor affect the power of the court to enforce it by contempt proceedings or otherwise.

Affirmed.