LEXINGTON STATE BANK v. SUBURBAN PRINTING COMPANY OF LEXINGTON; ALBERT W. BROWNING AND WIFE, KATE T. BROWNING; AND L. F. McCASKILL, JR., AND WIFE, PEGGY McCASKILL

No. 7022SC11

(Filed 25 February 1970)

**1. Appeal and Error § 6—    orders appealable — striking further answer and defense**

When a motion to strike an entire further answer and defense is granted, an immediate appeal is available, since such motion is in substance a demurrer.

**2. Usury § 1—    action on demand note — 6½% interest — defense of usury**

In an action by a bank to recover on a demand note which was executed by a corporate defendant and endorsed by individual defendants to secure a loan to the corporation of $30,000, the transaction is governed by the 6 per cent interest limitation set forth in G.S. 24-2, and defendants are entitled to the defense that the 6½ per cent annual interest rate on the note is usurious; the bank's contention that the 6½ per cent rate was permissible under G.S. 24-8 in that the loan was to a corporation for five years or more is inconsistent with the theory of the bank's complaint seeking recovery on a demand note.

**3. Pleadings § 42—    action on demand note — striking of defendants' irrelevant pleadings**

In an action by a bank to recover on a demand note executed by a corporate defendant and endorsed by individual defendants, the trial court properly struck those portions of defendants' answer which consisted of confusing and redundant allegations of misconduct by the bank in obtaining possession of the collateral, selling it at auction, and applying a portion of the proceeds to attorneys' fees.

APPEAL by defendants Suburban Printing Company of Lexington, Albert W. Browning and wife, Kate T. Browning, from *McConnell, J.*, June, 1969 Civil Session, DAVIDSON Superior Court.

Plaintiff filed this civil action on 22 January 1969 to recover $27,649.13 allegedly due and owing on a demand note executed by the corporate defendant to secure a loan of $30,000. The note was endorsed by the individual defendants. The complaint alleges that the note was secured by a security agreement, a copy of which is attached to the complaint. The security agreement purports to pledge as collateral security for the payment of the note various items of personal property owned by the corporate defendant. The ancillary remedy of claim and delivery for the property pledged under the agreement was instituted at the same time the complaint was filed.

The corporate defendant and the defendants Browning filed answer responding to the complaint and setting forth five purported "further answers and defenses" and a sixth "further answer and defense and counterclaim." Plaintiff's motion to strike all of the further answers was allowed on the ground that the allegations contained therein were irrelevant, immaterial and improper. Defendants appealed.

*Walser, Brinkley, Walser & McGirt by Charles H. McGirt for plaintiff appellee.*

*Ned A. Beeker for defendant appellants.*

GRAHAM, J.

[1]	When a motion to strike an entire further answer and defense is granted, an immediate appeal is available since such motion is in substance a demurrer. *Bank v. Easton*, 3 N.C. App. 414, 165 S.E. 2d 252; *Insurance Co. v. Surety Co.*, 1 N.C. App. 9, 159 S.E. 2d 268.

[2]	Subparagraphs A, B and C of appellants' sixth further answer and defense and counterclaim allege in substance that the interest charged under the terms of the note and the interest paid by the corporate defendant during the period of June through December of 1968 constituted usurious interest. The amount paid during that period is also alleged.

The interest called for by the note is in the amount of 6½ per cent per annum. Plaintiff contends in its brief that this rate of interest was permissible under G.S. 24-8 in that the loan was to a corporation, was in the amount of $30,000, and was for a period of five years or longer. The argument as to the five-year duration is based

on what plaintiff says was a requirement that prepayments be made against the loan in the amount of $500 a month and that therefore the amount of time required to repay the loan plus interest exceeded five years. However, the note sued on is a demand note and plaintiff's theory as set forth in the complaint is that the unpaid balance is due because demand has been made, not because there has been a default in monthly payments under the terms of some collateral agreement.

Before amendment by the 1969 Session of the General Assembly and at the time of the transaction here in question, G.S. 24-8 set the legal interest limit for loans of $30,000 or more to corporations at an annual rate of 8%. However the statute specifically provided, "that this section shall not be applicable to any loan which matures less than five (5) years from the date thereof or which provides for repayments of principal to be made by the borrower in an amount in excess of one fifth of the total principal indebtedness during any year of the first five (5) years of the term of such loan; . . ." The pleadings before us reflect a demand note securing a loan made 2 May 1968 and maturing sometime before complaint was filed on 22 January 1969 as the result of demand having been made. Under such circumstances the loan was governed by interest limits in the amount of 6 per cent as set forth in G.S. 24-2. In our opinion appellants have sufficiently alleged facts which, if proven, would entitle them to the relief provided for in that section. The order striking subparagraphs A, B and C of appellants' sixth further answer and defense and counterclaim is therefore reversed.

[3] The court's order as it applies to the remaining allegations of appellants' further answers is affirmed. Those portions of the answer cover more than ten pages in the record and consist of confusing and redundant allegations of misconduct on the part of plaintiff in obtaining possession of the collateral after complaint was filed, selling it at auction, and applying a portion of the proceeds toward payment of attorneys' fees incurred in connection therewith. Appellants do not allege that the fees paid were unreasonable, or that they were unlawful under the terms of the security agreement, or by reason of G.S. 25-9-504 which specifically authorizes the payment of expenses of a sale and reasonable attorneys' fees from the proceeds of the sale before applying the balance to the indebtedness.

It is possible that appellants were attempting to allege that in disposing of the collateral plaintiff failed to act in good faith as required by G.S. 25-1-203 or in a commercially reasonable manner as required by G.S. 25-9-504. The state of their pleadings, however, is

such as to render it impossible to tell the theory of their purported affirmative defenses, how they claim to have been damaged, or the relief they seek.

The order granting plaintiff's motion to strike provided that the appellants would have thirty days from the date of the order within which to amend their answer if they elected to do so. If there are affirmative defenses which may properly be pleaded, defendants will have thirty days from the date this opinion is certified to the Superior Court in which they may amend their answer.

That portion of the court's order striking subparagraphs A, B and C of appellants' sixth further answer and defense and counterclaim is reversed.

The remaining portions of the order are affirmed.

BROCK and BRITT, JJ., concur.