DAVID A. JOHNSON v. JANINE M. JOHNSON

No. 7110DC570

(Filed 20 October 1971)

Divorce and Alimony §§ 6, 26; Judgments § 37— husband's action for absolute divorce — plea of res judicata — effect of husband's prior action for divorce

    The husband's unsuccessful action in 1970 for absolute divorce on the ground that the wife had wrongfully separated herself from him in 1964 and that the parties have lived separate and apart since that date, which action resulted in a jury verdict that the husband had abandoned the wife, does not bar the husband's subsequent action in 1971 for absolute divorce on the ground that the parties were judicially separated in 1964 on the motion of the wife and that the parties have lived separate and apart since that date, the basis of the husband's 1971 action being entirely different from the husband's unsuccessful action in 1970.

Johnson v. Johnson

APPEAL by defendant from *Barnette, District Judge,* 12 April 1971 Civil Session of District Court held in WAKE County.

Action for absolute divorce. In his complaint, filed 4 January 1971, plaintiff-husband alleged, among other things, that he and defendant "were separated on March 27, 1964 pursuant to judicial decree entered at the request and motion of defendant for separate maintenance and application for divorce from bed and board or judicial separation," and that "since the time of said order of judicial separation and for the past six years and ten months, plaintiff and defendant have lived continuously separate and apart." Answering, the defendant admitted all allegations of the complaint except an allegation that plaintiff was entitled to judgment of absolute divorce, and as a further answer and defense alleged the following:

On 27 March 1964 the plaintiff and defendant began living separate and apart from each other; on 5 January 1970 plaintiff filed an action for absolute divorce in the District Court of Wake County; defendant was served with summons and filed answer alleging that the plaintiff had abandoned the defendant and the minor child of the parties; by order of the District Judge dated 26 October 1970 plaintiff's action for divorce commenced 5 January 1970 was consolidated for trial with an action for alimony and child support filed by the defendant herein; on 30 November 1970 the consolidated cases came on for trial, "at which time the jury returned a verdict in favor of the defendant, Janine M. Johnson and against the plaintiff David A. Johnson." On these allegations, defendant moved "that the complaint of the plaintiff be dismissed on the grounds of *res adjudicata (sic).*"

Examination of the pleadings in the prior actions reveals the following:

On 19 March 1964 the wife, defendant in the present action, filed action under former G.S. 50-16 against her husband in the Superior Court of Wake County, alleging that her husband had abandoned her, had offered such indignities to her person as to render her condition intolerable and her life burdensome, and that by cruel and barbarous treatment he had endangered her life. In that action the wife asked for reasonable subsistence for herself and for the infant child of the parties, permanent and *pendente lite,* and for sole custody of the child.

On 26 March 1964 the husband filed answer, denying he had abandoned or mistreated his wife. The wife's motion for custody of the child and alimony *pendente lite* was heard by Judge Edward B. Clark, presiding at the March 1964 Civil Session of Superior Court held in Wake County. After considering the pleadings and affidavits filed by the parties and hearing testimony of witnesses, Judge Clark signed an order on 27 March 1964 awarding custody of the child to the wife and awarding her alimony *pendente lite* and support for the child. This order also directed that, pending the trial and determination of the issues, the wife be awarded "sole and exclusive possession, for herself and the infant child," of the residence of the parties in the City of Raleigh, together with all furnishings therein.

In the husband's action for absolute divorce filed 5 January 1970 in the District Court in Wake County, he alleged that on 13 March 1964 his wife had separated herself from him and that the parties had lived separate and apart for more than one year next before commencement of the action. The wife filed answer in which she denied that she had separated herself from her husband and alleged that on 13 March 1964 her husband had abandoned her without just cause or excuse. On 26 October 1970 an order was entered consolidating the husband's action for absolute divorce with the wife's still pending prior G.S. 50-16 action for alimony without divorce. The consolidated actions were heard in the District Court before judge and jury, resulting in a jury verdict finding that the husband had abandoned his wife as alleged in her complaint, that he had offered such indignities to her person as to render her condition burdensome and intolerable, and that by cruel or barbarous treatment he had endangered her life. Upon this verdict, the District Judge signed judgment dated 4 December 1970, awarding the wife permanent alimony.

The present action, commenced 4 January 1971, was heard by the District Judge without a jury, neither party having requested a jury trial. The court answered issues in favor of the plaintiff, finding that plaintiff and defendant had lived separate and apart from each other for more than one year next preceding the institution of this action as alleged in the complaint. From judgment granting plaintiff an absolute divorce, defendant appealed.

*Boyce, Mitchell, Burns & Smith by Ben H. Clifton, Jr., for plaintiff appellee.*

*William T. McCuiston for defendant appellant.*

PARKER, Judge.

Plaintiff alleged, and in her pleadings defendant admitted and on this appeal her counsel has stipulated, that plaintiff and defendant were separated on 27 March 1964 "pursuant to judicial decree entered at the request and motion of defendant for separate maintenance and application for divorce from bed and board or judicial separation" and that "since the time of said order of judicial separation" the parties have lived continuously separate and apart from each other. The trial court, as trier of the facts, has answered an issue finding this to be true. Defendant appellant's sole assignment of error is that the trial court erred in overruling her plea in bar of *res judicata.* We find no merit in this contention and appellant's assignment of error is overruled.

"In determining whether two actions are on the same cause of action, for the purpose of applying the doctrine of *res judicata,* a comparison of the relief sought in each action is not necessarily a proper test. It is clear that the mere fact that the same relief is sought in two actions does not make the causes of action identical within the meaning of the doctrine of *res judicata.*" 46 Am. Jur. 2d, Judgments, § 412, p. 579. In the husband's prior action for absolute divorce, filed on 5 January 1970, he alleged that his wife had separated herself from him on 13 March 1964 and he sought a divorce on the grounds that such separation, wrongfully initiated by her, had continued thereafter for the required statutory period prior to the institution of his action. This his wife denied, alleging on the contrary that on 13 March 1964 her husband had abandoned her without just cause or excuse. Upon trial of the prior action, the jury answered the issue of abandonment in favor of the wife. In the present action, instituted on 4 January 1971, the husband alleged, and the wife in her answer admitted, that the parties were separated on 27 March 1964 pursuant to judicial decree entered at the request and motion of the wife and that since the time of said order of judicial separation the parties have lived continuously separate and apart. Thus, the basis of the present action is entirely different from that which the husband sought, unsuccessfully, to establish in his prior action.

Johnson v. Johnson

According to decisions of our Supreme Court, "the effect of a divorce *a mensa et thoro,* obtained by the wife on the ground her husband abandoned her, is to legalize their separation from the date of such judgment; and in such case the husband, after two years (now one year) from the date of such judgment, may proceed to an absolute divorce." *Richardson v. Richardson,* 257 N.C. 705, 711, 127 S.E. 2d 525, 530. A decree awarding a wife alimony without divorce in an action under former G.S. 50-16 has also been held to legalize the separation, even though the decree be based on the wrongful act of the husband in abandoning the wife, so that if such separation continues for the required statutory period thereafter, the husband will become entitled to a divorce. *Rouse v. Rouse,* 258 N.C. 520, 128 S.E. 2d 865.

When the order dated 27 March 1964 was entered on motion of the wife in her action for alimony without divorce, the court not only awarded her alimony *pendente lite,* but went further and awarded her "sole and exclusive possession, for herself and the infant child," of the residence of the parties. This had the effect of legalizing the separation of the parties from the date of the order, and such separation having continued for the requisite statutory period thereafter, the husband became entitled to a divorce. In the husband's prior action for divorce, the jury determined that the separation on which that action was based was the result of the husband's wrongful abandonment of his wife. That verdict, however, was not determinative of any issue presented in the present action, in which the period of separation alleged commenced only when the separation became legalized by judicial decree. The two actions being based on different grounds, the doctrine of *res judicata* does not apply and the court committed no error in overruling defendant's plea in bar. The judgment appealed from is

Affirmed.

Judges BRITT and MORRIS concur.