L. BERTRAM RUPERT III v. CAROL PRESSER RUPERT

No. 7218DC295

(Filed 23 August 1972)

1. Divorce and Alimony § 13— absolute divorce — one year's separation — abandonment as defense

Where the husband sues the wife under G.S. 50-6 for an absolute divorce on the ground of one year's separation, she may defeat his action by alleging and proving that the separation was caused by his abandonment of her.

2. Divorce and Alimony § 13— absolute divorce — one year's separation — abandonment as jury question

In an action for absolute divorce on the ground of one year's separation, the testimony of plaintiff and defendant raised a jury question as to abandonment and gave the jury ample latitude for answering the question of abandonment in favor of defendant who had the burden of proof.

3. Divorce and Alimony § 13— absolute divorce — alleged agreement of separation — exclusion of evidence — no error

The trial court did not err in an absolute divorce action in excluding evidence with respect to the terms of an alleged agreement of separation where there was nothing to indicate that those terms had been reduced to writing and the wife's privy examination taken as required by G.S. 52-6.

4. Trial § 11— restrictions upon argument of counsel — no abuse of discretion

Conduct of the trial, including proper supervision over the argument of counsel, is a matter largely within the discretion of the trial judge, and defendant cannot complain of restrictions upon argument in this absolute divorce case where no abuse of discretion is shown.

5. Judgments § 2— judgment signed out of term — consent of parties

Though the judgment was not signed at the trial session, defendant was bound where the judgment itself stated that counsel for plaintiff and defendant had agreed that judgment could be signed out of term.

Rupert v. Rupert

**6. Judgments § 3— failure of judgment to deny prayer for relief**
> Defendant was not prejudiced where the judgment failed specifically to deny his prayer for absolute divorce.

APPEAL by plaintiff from *Alexander, District Judge,* 1 November 1971 Session of District Court held in GUILFORD County.

Plaintiff brought this action for absolute divorce on the ground of separation for one year. Defendant by further answer and cross-claim alleged that plaintiff abandoned her and asked for child custody and support, alimony, and counsel fees.

The jury found in favor of defendant and from judgment awarding defendant the relief prayed, plaintiff appealed.

*Alston, Pell, Pell & Weston by E. L. Alston, Jr., for plaintiff appellant.*

*Wallace S. Osborne for defendant appellee.*

PARKER, Judge.

First, plaintiff contends that under the evidence presented in this case he was entitled to a divorce as a matter of law. We disagree.

[1, 2]  This contention is directed primarily to the fourth issue submitted to the jury, namely, was the separation due to the abandonment of defendant by plaintiff as alleged by defendant. It is well settled that where the husband sues the wife under G.S. 50-6 for an absolute divorce on the ground of one year's separation, she may defeat his action by alleging and proving that the separation was caused by his abandonment of her. *Eubanks v. Eubanks,* 273 N.C. 189, 159 S.E. 2d 562. In *Caddell v. Caddell,* 236 N.C. 686, 73 S.E. 2d 923, the court stated that it has never undertaken to formulate any all-embracing definition or rule of general application respecting what conduct on the part of one spouse will justify the other in withdrawing from the marital relation, and each case must be determined upon its own circumstances. We do not depart from that reasoning here. The testimony of plaintiff and defendant raised a jury question as to abandonment and gave the jury ample latitude for answering the question of abandonment in favor of defendant who had the burden of proof.

[3]   Plaintiff contends that the court erred in excluding evidence with respect to the terms of a mutual agreement of separation. This evidence was properly excluded as there was nothing to indicate that those terms had been reduced to writing and the wife's privy examination taken as required by the provisions of G.S. 52-6. The agreement would have been void *ab initio* if not in compliance with G.S. 52-6 (formerly G.S. 52-12). *Davis v. Davis*, 269 N.C. 120, 152 S.E. 2d 306; *Bolin v. Bolin*, 246 N.C. 666, 99 S.E. 2d 920.

Defendant contends the court erred in excluding from evidence a portion of a temporary order entered pending the trial of the action. This contention is without merit. Clearly, the order was temporary, pending trial, and could have no bearing upon the results to be reached at the trial of the case.

We have carefully considered plaintiff's other contentions pertaining to the exclusion or admission of evidence but find them to be without merit.

[4]   The assignment of error dealing with restricting the argument of counsel is also overruled. Conduct of the trial, including proper supervision over the argument of counsel, is a matter largely within the discretion of the trial judge. *Hamilton v. Henry*, 239 N.C. 664, 80 S.E. 2d 485. There is nothing in the record to indicate an abuse of discretion in restricting the argument in this case.

[5]   Plaintiff contends the court erred in entering judgment for that the judgment was not entered "in term time." It is conceded that the judgment was not signed at the trial session and the record does not contain a stipulation consenting to such a signing. Defendant insists that because of G.S. 1A-1, Rule 6(c), plaintiff's contention is without merit and cites § 1624 of the 1970 Supplement to McIntosh, N. C. Practice and Procedure. However, in the present case we find it unnecessary to reach the question raised by defendant, since in the case before us the judgment itself recites: ". . . counsel for plaintiff and defendant having further agreed that the judgment to be entered in this cause could be signed out of term. . . ." In *Killian v. Chair Co.*, 202 N.C. 23, 161 S.E. 546, our Supreme Court held that "when the judge finds as a fact that consent (that judgment be rendered out of term) was actually given, whether in writing or not, and this finding is set out in the

judgment, it is binding upon the parties in the absence of fraud or collusion."

[6] Finally, plaintiff contends that the judgment does not reflect the issues presented and the verdict returned upon the issues. It is true that the judgment would have been more complete had it specifically denied plaintiff's prayer for an absolute divorce, but plaintiff has failed to show how he has been prejudiced by the failure of the judgment to specifically deny his prayer for relief. Where the judgment is in conformity with the ultimate rights of the parties it will not be disturbed due to a mere technicality. *Abdalla v. Highway Commission,* 261 N.C. 114, 134 S.E. 2d 81.

For the reasons stated we find

No error.

Judges BRITT and HEDRICK concur.