Gray v. Gray

JUDY W. GRAY v. WILLIE D. GRAY

No. 728DC589

(Filed 20 December 1972)

1. **Divorce and Alimony § 13— action for divorce on ground of separation — judgment on pleadings and summary judgment properly denied**

    The trial court in a divorce action did not commit error in denying defendant's motions for judgment on the pleadings and summary judgment where defendant did not allege or prove facts which would be a bar to plaintiff's divorce and where defendant relied on a plea of *res judicata* based on the termination of a divorce action in defendant's favor some two years previously.

2. **Divorce and Alimony § 13— action for divorce on ground of separation — termination of prior action as beginning of separation**

    Where plaintiff was denied a divorce in 1969 on the ground of separation upon a jury finding that the separation was "the fault of" the plaintiff, the original "fault" would be insufficient to bar forever an action by plaintiff against defendant for divorce on the grounds of separation; rather, the separation alleged in the case at bar would be one existing or continuing on and after 19 June 1969, the date of the termination of the first divorce case.

3. **Judgments § 35— plea of res judicata — identity of issues — plea properly denied**

    Though the parties, the subject matter insofar as it related to obtaining a divorce on the grounds of separation, and the relief demanded, to wit, an absolute divorce, were identical in this action to those in a prior divorce action, defendant's plea of *res judicata* was properly denied since issues as to recrimination, time of residence and period of separation were different in the two cases.

APPEAL by defendant from *Wooten, District Judge,* 21 February 1972 Session of District Court held in WAYNE County.

This civil action for divorce was filed by plaintiff wife in Wayne County on 26 October 1971 on the grounds of one year separation under provisions of G.S. 50-6.

It was alleged in the complaint that the plaintiff and defendant, residents of Wayne County, were married on 27 August 1965, that they had lived continuously separate and apart from each other since 19 June 1969, and that no issue were born to the marriage.

Defendant answered and admitted the marriage and residence but did not deny that the parties have lived continuously separate and apart from each other since 19 June 1969 and

did not deny the allegation that no children were born to the union. Defendant filed what he denominated a plea in bar and also a counterclaim in his answer.

In the plea in bar, defendant asserts the plea of res judicata. In this plea it is alleged that on 19 June 1969, in a previous divorce action instituted by the plaintiff against the defendant, the jury answered the issues of residence, marriage and separation in plaintiff's favor but answered in the affirmative the issue, "Was the separation brought about by the fault of the plaintiff as alleged in the answer?" On 19 June 1969 the trial judge entered an order denying the plaintiff a divorce. In the answer in that case the defendant had alleged that the plaintiff had "wilfully, unlawfully, and wrongfully, abandoned the defendant by leaving a note saying: 'I am gone.' "

By way of further answer and counterclaim, defendant alleged that he was entitled (1) to recover actual and punitive damages because plaintiff, a resident of Wayne County, subsequent to 19 June 1969, had instituted an action for divorce on the grounds of separation against him in Henderson County, in which, plaintiff had taken a nonsuit on 8 October 1971, and (2) to a restraining order prohibiting plaintiff from bringing actions against him for divorce on the grounds of separation.

When the case was called for trial, the defendant announced the abandonment of his counterclaim. Defendant also moved that his plea of res judicata be allowed under Rule 8 of the Rules of Civil Procedure, for judgment on the pleadings under Rule 12(c), and for summary judgment under Rule 56(b). All three of these motions were denied.

After hearing the testimony of plaintiff's witnesses (the defendant offered no evidence), the court upon competent evidence made the following findings of fact and conclusions of law:

"That this action for absolute divorce based on one year separation under the provisions of G.S. 50-6, was commenced by the issuance of summons and filing of a verified complaint on October 26, 1971; the defendant was personally served with summons, together with a copy of the complaint, on October 30, 1971; that on or about November 19, 1971, the defendant filed an answer containing a Further Defense and Counterclaim; that no request for trial by jury has been filed with the Clerk of Superior

Court by either party and that upon the call of the trial of this case, the defendant, through his attorney, announced to the Court that he was not pursuing his Counterclaim; that the plaintiff is a resident of Wayne County, North Carolina and has been a citizen and resident of the State of North Carolina for many years, particularly for more than six (6) months preceding the commencement of this action; that the plaintiff and defendant were married on or about August 27, 1965 and that there has been no issue born to the marriage; that the plaintiff and defendant have separated from one another and have lived continuously separate and apart from each other since the 19th day of June, 1969, a date more than one year next preceding the institution of this action, and at no time since that date have they resumed the marital relationship which formerly existed between them and it was the plaintiff's intention at the time of the separation that she and the defendant would live permanently separate and apart from each other.

Based upon the foregoing FINDINGS OF FACT, the Court makes the following CONCLUSIONS OF LAW:

1. The plaintiff is entitled to an absolute divorce from the defendant based upon one year separation.

2. The defense pled by the defendant in his answer, based upon a former divorce action between the parties and judgment rendered thereon, does not constitute a legal defense or bar to the plaintiff's cause of action.

Based upon the foregoing FINDINGS OF FACT and CONCLUSIONS OF LAW, the Court answers the issues arising under the complaint as follows:

'1. Were the plaintiff and defendant lawfully married as alleged in the complaint? ANSWER: Yes.

2. Has the plaintiff been a resident of the State of North Carolina for six (6) months next preceding the institution of this action? ANSWER: Yes.

3. Have the plaintiff and defendant lived separate and apart from one another for one (1) year next preceding the institution of this action? ANSWER: Yes.' "

From the entry of the judgment granting plaintiff a divorce, the defendant appealed to the Court of Appeals, assigning error.

*Taylor, Allen, Warren & Kerr by Lindsay C. Warren, Jr., and John H. Kerr, III, for plaintiff appellee.*

*Herbert B. Hulse and George F. Taylor for defendant appellant.*

MALLARD, Chief Judge.

[1] Defendant contends that the trial court committed error in failing to allow his motions for judgment on the pleadings under Rule 12(c) and for summary judgment under Rule 56(b). These contentions are without merit.

The pertinent parts of the statute (G.S. 50-6) under which plaintiff was proceeding in both actions read:

"Marriages may be dissolved and the parties thereto divorced from the bonds of matrimony on the application of either party, if and when the husband and wife have lived separate and apart for one year, and the plaintiff or defendant in the suit for divorce has resided in the State for a period of six months."

This section creates an independent cause of divorce. *Pickens v. Pickens,* 258 N.C. 84, 127 S.E. 2d 889 (1962). It is the law in North Carolina that a spouse may defeat an action of the other spouse for divorce by establishing as an affirmative defense that such spouse was guilty of misconduct which, in itself, would be a ground for divorce. *Hicks v. Hicks,* 275 N.C. 370, 167 S.E. 2d 761 (1969). However, the burden of pleading, as well as establishing such affirmative defense, is on the defendant. G.S. 1A-1, Rule 8(c); *Overby v. Overby,* 272 N.C. 636, 158 S.E. 2d 799 (1968); *Taylor v. Taylor,* 225 N.C. 80, 33 S.E. 2d 492 (1945). "And in order for such a defense to succeed, the person pleading it must prove it with the same character of evidence and the same certainty as if he were setting up a ground for divorce. 1 Lee, North Carolina Family Law, § 88, at 343 (2d ed. 1963); 1 Nelson, Divorce and Annulment, § 10.05, at 366 (2d ed. 1945)." *Hicks v. Hicks, supra.*

The defendant in the case before us did not plead or offer any evidence that the continuing separation of the parties, after the termination of the first divorce action in his favor, was caused by any conduct on the part of the plaintiff which, in itself, would be a ground for divorce. From the silent record in this case, it would appear that both parties impliedly acquiesced in their continued separation after the termination of the first divorce action in defendant's favor. The parties, according to the evidence, did not live together as husband and wife after the original separation on 12 June 1967, and insofar as is revealed by this record, the defendant has not supported the plaintiff since the termination of the first divorce action in his favor, and no effort appears to have been made at a reconciliation. While the defendant was entitled to allege in the pleadings in the case now before us and prove at the trial facts which would be a bar to plaintiff's divorce, he failed to do either and relied solely on his plea of res judicata. *Pickens v. Pickens, supra.* See also, Annot., 14 A.L.R. 3d 502, 510 (1967), and Annot., 166 A.L.R. 498 (1947).

The verdict of the jury at the trial in June, 1969 did not establish that the plaintiff was guilty of any criminal conduct or unlawful abandonment of the defendant. The recriminatory allegation in the defense to the first divorce case was that plaintiff "abandoned the defendant by leaving a note saying, 'I am gone.' " This is not an allegation of a criminal act. The jury found that the separation on 12 June 1967 was brought about by "the fault of" the plaintiff and did not specifically find that plaintiff was guilty of any criminal conduct or that she had unlawfully abandoned the defendant. We hold that the trial court did not commit error in denying defendant's motions for judgment on the pleadings and for summary judgment.

[2, 3]  Defendant also contends that the trial court committed error in refusing to allow his plea of res judicata. In doing so, defendant contends that the stigma of the original "fault" of the plaintiff, as found by the jury in the 1969 trial, is sufficient to forever bar an action by plaintiff against defendant for a divorce on the grounds of separation. Under the circumstances of this case, we do not agree.

The first action for divorce by this plaintiff terminated on 19 June 1969 in defendant's favor because the plaintiff was found by the jury to have been "at fault" on the occasion of the separation on 12 June 1967. The separation alleged in the case

Gray v. Gray

at bar is one existing or continuing on and after 19 June 1969, subsequent to the termination of the first divorce case.

In *Shaw v. Eaves*, 262 N.C. 656, 138 S.E. 2d 520 (1964), it is said:

" * * * In order for a judgment to constitute *res judicata* in a subsequent action there must be identity of parties, subject matter, issues and relief demanded, and it is required further that the estoppel be mutual. *Light Co. v. Insurance Co.*, 238 N.C. 679, 79 S.E. 2d 167, *Stansel v. McIntyre*, 237 N.C. 148, 74 S.E. 2d 345; *Cameron v. Cameron*, 235 N.C. 82, 68 S.E. 2d 796; *Leary v. Land Bank*, 215 N.C. 501, 2 S.E. 2d 570. In order for a party to be barred by the doctrine of *res judicata*, it is necessary not only that he should have had an opportunity for a hearing but also that the identical question must have been considered and determined adversely to him. *Crosland-Cullen Co. v. Crosland*, 249 N.C. 167, 105 S.E. 2d 655. * * * "

The doctrine of res judicata has been held to apply to divorce actions as well as other civil actions. *Garner v. Garner*, 268 N.C. 664, 151 S.E. 2d 553 (1966). In order for the doctrine of res judicata to apply, there must be "identity of parties, subject matter, issues and relief demanded, and it is required further that the estoppel be mutual." In this case the parties, the subject matter insofar as it relates to obtaining a divorce on the grounds of separation, and the relief demanded, to-wit, an absolute divorce, are identical to those in the first divorce action, but the issues are not the same. In this case no issue was raised in the pleadings or evidence as to the question of recrimination. The issues as to the time of residence, as well as to the period of separation, were different in the two cases. We hold that the trial court did not err in denying defendant's plea of res judicata.

We have examined all of defendant's assignments of error and are of the opinion that the defendant has had a fair trial free from prejudicial error.

Affirmed.

Judges BROCK and BRITT concur.