JANE PRITCHETT HARRINGTON v. GEORGE FAULKNER HARRINGTON

No. 7426DC369

(Filed 17 July 1974)

1. Divorce and Alimony § 13— order legalizing separation — separation for statutory period — abandonment as defense to divorce action

An order of the district court providing for custody of the children of the parties, providing for visitation privileges and requiring defendant husband to make child support payments legalized the separation of the parties, and the defense of abandonment was no longer available to defendant husband in the wife's action for an absolute divorce on the ground of a year's separation.

2. Divorce and Alimony § 13— separation for statutory period — adultery as defense to divorce action

Adultery is not a defense to an action for an absolute divorce on the ground of a year's separation.

APPEAL by defendant from *Black, Judge,* 10 December 1973 Session of District Court held in MECKLENBURG County.

Heard in the Court of Appeals 11 June 1974.

This is an action brought by plaintiff wife against defendant husband for an absolute divorce on the ground of a year's separation.

The parties were married on 29 November 1963. Two children, Bruce and Amy, were born of the marriage. On 29 June

1971 the wife left the home of the husband, taking the children with her. The husband brought an action for custody of the children. The District Court issued an order on 24 April 1972, holding that the wife had abandoned the husband, but nevertheless awarding the wife custody of the children. The order provided that the husband was "entitled to reasonable visitation with the minor children," and that the husband was to make support payments of $300.00 per month. The husband appealed to this Court, and in *Harrington v. Harrington,* 16 N.C. App. 628, 192 S.E. 2d 638, the District Court's order was modified so as to grant custody of Bruce to the husband and reduce the amount of the support payments. In all other respects the District Court's order was affirmed.

On 6 June 1973 the wife (hereinafter referred to as plaintiff) filed a complaint against the husband (hereinafter referred to as defendant), alleging that she had been separated from him for a year and was entitled to an absolute divorce. Defendant contested the divorce, and in his answer he alleged abandonment as his "First Defense" and adultery as his "Second Defense." Plaintiff moved to strike the "First Defense" and "Second Defense" as insufficient. The court granted her motion, and defendant appealed to this Court.

*Farris, Mallard & Underwood, by E. Lynwood Mallard, for plaintiff appellee.*

*Joe T. Millsaps for defendant appellant.*

BALEY, Judge.

Defendant has raised two defenses against plaintiff's complaint: abandonment and adultery. Neither is a valid defense in this case, and the District Court properly granted plaintiff's motion to strike them.

Ordinarily a person cannot obtain a divorce on the ground of a year's separation if he has brought about the separation by abandoning his spouse. *Eubanks v. Eubanks,* 273 N.C. 189, 159 S.E. 2d 562; *Rupert v. Rupert,* 15 N.C. App. 730, 190 S.E. 2d 693, *cert. denied,* 282 N.C. 153, 191 S.E. 2d 759. But when the spouse who has been abandoned obtains a divorce from bed and board, or an order for alimony without divorce, or any other order having the effect of a judicial separation, the separation is legalized, and after the passage of one year either spouse may

obtain an absolute divorce. *Rouse v. Rouse,* 258 N.C. 520, 128
S.E. 2d 865; *Lockhart v. Lockhart,* 223 N.C. 559, 27 S.E. 2d 444;
*Johnson v. Johnson,* 12 N.C. App. 505, 183 S.E. 2d 805, *cert.
denied,* 279 N.C. 727, 184 S.E. 2d 884.

In *Rouse v. Rouse, supra* at 521, 128 S.E. 2d at 866, Justice
Sharp explained the theory underlying the doctrine of legalized
separation:

> "The law does not require a man to live with his wife.
> It does, however, force him to support her in the absence
> of some compelling reason to the contrary. When the law,
> by civil judgment, has secured to the wife reasonable sup-
> port and maintenance after a husband has wrongfully sep-
> arated himself from her, it has required him to perform his
> legal obligation and can do no more. The separation is
> legalized from then on unless marital relations are resumed
> thereafter."

In the same way, the law does not require a woman to live with
her husband. It does require her to act in the best interest of
her children, and when a husband and wife are separated, the
courts will take appropriate measures regarding the custody of
the children. When the courts have done this, they have done
all they can do, and the separation is thenceforth legalized.

[1]  In this case, plaintiff's separation from defendant was
legalized by the District Court order of 24 April 1972. As modi-
fied by the Court of Appeals, this order granted custody of Amy
Harrington to plaintiff and custody of Bruce Harrington to
defendant. It provided for visitation privileges and required
defendant to make child support payments. There was also a
finding that plaintiff had abandoned defendant. Clearly, in mak-
ing this order, the District Court recognized the separation of
the parties and gave judicial sanction to it. The separation was
thereby legalized, and the defense of abandonment is no longer
available to defendant.

[2]  At one time adultery was a defense to an action for divorce
on the ground of a year's separation. The North Carolina Su-
preme Court so held in the case of *Taylor v. Taylor,* 225 N.C.
80, 33 S.E. 2d 492, and *Pharr v. Pharr,* 223 N.C. 115, 25 S.E.
2d 471. But in *Pickens v. Pickens,* 258 N.C. 84, 127 S.E. 2d 889,

the Supreme Court changed the rule of the *Taylor* and *Pharr* cases. In *Pickens,* the Court stated:

> "If the husband alleges and establishes that he and his wife have lived separate and apart continuously for two years or more next preceding the commencement of the action within the meaning of G.S. 50-6, the only defense recognized by our decisions is that the separation was caused by the act of the husband in wilfully abandoning her."

258 N.C. at 86, 127 S.E. 2d at 890. Since the *Pickens* case was decided, the General Assembly has reduced the period of separation from two years to one year. G.S. 50-6.

It seems clear that the position taken by the Court in the *Pickens* case is the better one. *See* 1 Lee, N. C. Family Law, § 88, at 74 n. 74 (Supp. 1974). G.S. 50-6, the statute permitting divorce on the ground of a year's separation, was enacted in order to enable a husband and wife to terminate their marriage without the sensationalism and public airing of dirty linen which necessarily accompany a divorce based on fault. If this purpose is to be fully effectuated, recriminatory defenses other than the defense of abandonment should not be recognized in divorce actions based on separation. When a husband and wife have been separated for over three years and the wife has committed adultery, "the substance of the marriage has long since disappeared. The parties cannot live together in happiness; they have demonstrated that they have no intention to resume conjugal relations." 1 *id.* § 68, at 270 (1963). The preservation of a marriage which is only an empty shell can be of no benefit to the husband; it can be of no benefit to the wife; and it certainly can be of no benefit to society. In such a situation the parties should be allowed to end their marriage in a quiet and dignified manner, by means of a divorce on the ground of a year's separation. *See generally* 1 *id.* § 88, at 336-38 (1963).

The case of *Robuck v. Robuck,* 20 N.C. App. 374, 201 S.E. 2d 557, relied upon by defendant, does not hold that adultery is a defense to a divorce action based on separation. In *Robuck* the husband sued for divorce on the ground of a year's separation. The wife counterclaimed for alimony without divorce, alleging that her husband had maliciously turned her out of doors (which is a form of abandonment, *Pruett v. Pruett,* 247 N.C. 13, 23, 100 S.E. 2d 296, 303), committed adultery and offered indig-

nities. The husband contended that all these defenses were barred by a property settlement agreement which the wife had signed. This Court held that a mere property settlement agreement could not bar any defense to divorce. It did not discuss the question of whether adultery was a valid defense to an action for divorce on the ground of separation.

The District Court correctly held that the defenses of abandonment and adultery are not available to defendant in this action.

Affirmed.

Chief Judge BROCK and Judge BRITT concur.