RALPH W. EARLES v. MARY PERGERSON EARLES

No. 7517DC915

(Filed 5 May 1976)

1. Appeal and Error § 6— striking of entire answer — right of appeal
   An order striking defendant's entire answer is appealable.

2. Divorce and Alimony § 13— separation for statutory period — order for alimony pendente lite and possession of home — legal separation
   An order awarding the wife not only alimony *pendente lite* but also exclusive possession of the residence of the parties constituted a legal separation such that in the husband's action for absolute divorce under G.S. 50-6, the one-year separation began to run on the date of that order, not on the date the wife was subsequently granted a divorce from bed and board.

APPEAL by defendant from *Clark, Judge*. Order entered 28 July 1975, in District Court, ROCKINGHAM County. Heard in the Court of Appeals 9 March 1976.

On 25 August 1972, Mary Earles brought an action for divorce from bed and board against her husband, Ralph Earles. On 18 January 1973, the District Court issued an order requiring Ralph Earles to make alimony and child support payments pendente lite and gave Mary Earles possession of the home. The parties were granted a divorce from bed and board on 17 December 1974. On appeal that judgment was modified and affirmed in an opinion by this Court at 26 N.C. App. 559.

On 9 May 1975, Ralph Earles brought the present action for absolute divorce based on a year's separation. He alleged that the alimony pendente lite order of 18 January 1973, constituted a judicial separation. Mrs. Earles' answer denied a judicial separation on 18 January 1973, and alleged that such separation began on 17 December 1974, the date of the judgment of divorce from bed and board. Mr. Earles moved to strike Mrs. Earles' entire answer, and his motion was granted. From this order of the trial court, Mrs. Earles appeals.

*Bethea, Robinson, Moore & Sands by Alexander P. Sands for plaintiff.*

*Gwyn, Gwyn & Morgan by Melzer A. Morgan, Jr., for defendant.*

CLARK, Judge.

[1] The order striking defendant's entire answer is appealable. *Bank v. Printing Co.,* 7 N.C. App. 359, 172 S.E. 2d 274 (1970).

[2] Defendant's only assignment of error presents the question of whether an order awarding a wife alimony pendente lite and undisturbed possession of the residence constitutes a legal separation such that in an action for absolute divorce under G.S. 50-6 the one-year separation begins to run on the date of the order.

The words "separate and apart," as used in G.S. 50-6, mean that there must be both a physical separation and an intention on the part of at least one of the parties to cease the matrimonial cohabitation. *Mallard v. Mallard,* 234 N.C. 654, 68 S.E. 2d 247 (1951) ; *Beck v. Beck,* 14 N.C. App. 163, 187 S.E. 2d 355 (1972). In an action for absolute divorce under G.S. 50-6 the plaintiff need not allege and prove, as required for divorce under G.S. 50-5(4), that he or she is an injured party. Never-

theless, since the decision in *Sanderson v. Sanderson,* 178 N.C. 339, 100 S.E. 590 (1919), the North Carolina Supreme Court has held that the plaintiff cannot take advantage of his own wrong and plaintiff's action for absolute divorce may be defeated by showing as an affirmative defense that the separation was occasioned by act of the plaintiff in wilfully abandoning the defendant. *Byers v. Byers,* 223 N.C. 85, 25 S.E. 2d 466 (1943); *Overby v. Overby,* 272 N.C. 636, 158 S.E. 2d 799 (1968); *Rupert v. Rupert,* 15 N.C. App. 730, 190 S.E. 2d 693 (1972).

The doctrine of recrimination announced in *Sanderson* is still recognized and approved in this State, but it has been eroded by court decisions holding that though the separation was initially due to the fault of the husband in wilfully abandoning his wife, an absolute divorce may be granted in North Carolina where the parties have been separated for the requisite period under a divorce from bed and board, *Lockhart v. Lockhart,* 223 N.C. 123, 25 S.E. 2d 465 (1943); *Eubanks v. Eubanks,* 273 N.C. 189, 159 S.E. 2d 562 (1968); under a valid separation agreement, *Richardson v. Richardson,* 257 N.C. 705, 127 S.E. 2d 525 (1962); *Becker v. Becker,* 262 N.C. 685, 138 S.E. 2d 507 (1964); or under a judgment for alimony without divorce, *Rouse v. Rouse,* 258 N.C. 520, 128 S.E. 2d 865 (1963); *Wilson v. Wilson,* 260 N.C. 347, 132 S.E. 2d 695 (1963).

In the case at bar, subsequent to the order of 18 January 1973 awarding her alimony pendente lite and undisturbed possession of the home, the wife was granted a divorce from bed and board on the ground of abandonment by the plaintiff-husband. The defendant contends that the legal separation began, not from the order of 18 January 1973, but from the judgment for divorce from bed and board entered on 17 December 1974. Defendant relies on *Rouse v. Rouse, supra,* at page 521, and the language therein of Justice Sharp (now Chief Justice) as follows:

". . . When the law, by civil judgment, has secured to the wife reasonable support and maintenance after a husband has wrongfully separated himself from her, it has required him to perform his legal obligation and can do no more. The separation is legalized from then on unless marital relations are resumed thereafter. . . . "

The quoted language in *Rouse* suggests that the Court is stating a result rather than a basic reason for the ruling. The

Earles v. Earles

stated reason appeared to be that since both divorce from bed and board and alimony without divorce under G.S. 50-16 suspend the effect of the marriage as to cohabitation, the separation was legalized from the date of such judgment. Even so, the alimony pendente lite order secured to the wife reasonable support and maintenance in the sense that the order could not under G.S. 50-11 be impaired or destroyed by a subsequently rendered decree of absolute divorce. *Johnson v. Johnson,* 17 N.C. App. 398, 194 S.E. 2d 562 (1973). The order was rendered in her action for divorce from bed and board, and the defendant-wife in this action for absolute divorce had the opportunity to protect her right to reasonable support and maintenance, which she has in fact done by judgment for permanent alimony in her action before final disposition of her husband's action for absolute divorce.

In *Johnson v. Johnson,* 12 N.C. App. 505, 509, 183 S.E. 2d 805, 807 (1971), where the factual situation is similar to that in the case at bar, this court stated:

"When the order dated 27 March 1964 was entered on motion of the wife in her action for alimony without divorce, the court not only awarded her alimony *pendente lite,* but went further and awarded her 'sole and exclusive possession, for herself and the infant child,' of the residence of the parties. This had the effect of legalizing the separation of the parties from the date of the order, and such separation having continued for the requisite statutory period thereafter, the husband became entitled to a divorce. . . . "

We hold that the pendente lite order of 18 January 1973 in the wife's action for divorce from bed and board legalized the separation between the husband and wife since it provided not only for alimony pendente lite and child custody but also that the wife "have the sole use and peaceful and undisturbed possession of the residence. . . . " And such separation having continued for the requisite one year thereafter, the plaintiff-husband became entitled to a divorce. The trial court properly struck defendant's entire answer, and the order is

Affirmed.

Judges BRITT and PARKER concur.