JAMES F. COOK v. HILDA M. COOK

No. 7710DC961

(Filed 1 May 1979)

**Divorce and Alimony § 13.3— denial of alimony—award of possession of residence—legal separation—divorce based on separation for one year**

A judgment which denied defendant wife alimony because she was not a dependent spouse and an order which awarded defendant possession of the residence for her use and the use and benefit of the minor children of the parties legalized the separation of the parties even though the court also found that plaintiff had wrongfully abandoned defendant, and plaintiff was entitled to maintain an action for an absolute divorce under G.S. 50-6 where the parties lived separate and apart for more than one year after their separation thus became legalized.

APPEAL by defendant from *Bullock, Judge.* Judgment entered 15 August 1977 in District Court, WAKE County. Heard in the Court of Appeals 29 August 1978.

Plaintiff husband instituted the present action on 7 April 1977 seeking an absolute divorce from defendant under G.S. 50-6 on the ground of one year's continuous separation, which plaintiff alleged commenced on 17 December 1975. Defendant answered and pled in bar a judgment entered by the District Court in Wake County on 17 December 1975 in a prior divorce action between the parties. The record in the prior action, No. 75CVD4659, was introduced in evidence and shows the following:

Plaintiff and defendant were married to each other in 1957 and had three children. In September 1975 plaintiff filed action No. 75CVD4659 in the District Court in Wake County seeking a divorce based on one year's separation, which in that case plaintiff alleged commenced on 10 August 1974. Defendant answered and pled as a defense that plaintiff had wrongfully abandoned her, and she counterclaimed for alimony without divorce, for custody of and support for the minor children, and for possession of the residence owned by the parites as tenants by the entireties. By judgment filed 17 December 1975 the court found that plaintiff had wrongfully abandoned defendant and accordingly denied him a divorce, but found that defendant was not a dependent spouse and accordingly denied her alimony. By a separate order, also filed 17 December 1975, the court awarded custody of the minor children to the defendant, ordered plaintiff to make payments for child support, and granted defendant possession of the residence for benefit of the minor children during their minority. There was no appeal from the judgment or order in case No. 75CVD4659.

The present action was heard by the court without a jury. On 15 August 1977 the court entered judgment finding the facts as to the prior action and the judgment and order entered therein. The court also found that plaintiff and defendant had not lived together since 17 December 1975 and that plaintiff intended to live separate and apart from that date. The court concluded that entry of the judgment in case No. 75CVD4659 denying defendant's claim for permanent alimony and entry of the order granting possession.of the residence to defendant for the benefit of the minor children constituted a legal separation between the parties. The court further concluded that a prior finding of abandonment made in the previous action was not a defense in this action.

On these findings and conclusions, the court entered judgment on 15 August 1977 granting plaintiff an absolute divorce. From this judgment, defendant appeals.

*Jack P. Gulley for plaintiff appellee.*

*Jordan, Morris and Hoke, by John R. Jordan, Jr. and Joseph E. Wall, for defendant appellant.*

PARKER, Judge.

Defendant wife contends that the trial court erred in granting her husband an absolute divorce despite her plea in bar of wrongful abandonment, which abandonment had been established by the judgment entered in the prior action between the parties. We do not agree with defendant's contention and accordingly affirm the judgment appealed from.

Initially, we note that after entry of the judgment appealed from and while this appeal was pending, our General Assembly enacted Chapter 1190 of the 1977 Session Laws, which became effective 16 June 1978. Section 1 of that Act amended G.S. 50-6, the statute under which the present action was brought, by rewriting the third sentence therein to read as follows:

A plea of *res judicata* or of recrimination, with respect to any provision of G.S. 50-5 or of G.S. 50-7, shall not be a bar to either party's obtaining a divorce under this section.

Abandonment is the first ground set forth in G.S. 50-7 as a provision for obtaining relief under that section. Therefore, if the amendment to G.S. 50-6 which was effected by Section 1 of Chapter 1190 of the 1977 Session Laws is applicable to the present case, it is obvious that defendant's plea in bar of res judicata and of recrimination would not be effective to bar plaintiff from obtaining an absolute divorce in this action. By Section 3 of Chapter 1190 of the 1977 Session Laws that Act became effective upon its ratification on 16 June 1978, and there is no provision that the Act shall not affect pending litigation. We find it unnecessary, however, to decide whether Chapter 1190 of the 1977 Session Laws applies in the present case, since, for the reasons hereinafter set forth, we hold that the entry of the decree of absolute divorce in this case was in any event proper under G.S. 50-6 even prior to the amendment effected by Chapter 1190.

Cook v. Cook

In *Rouse v. Rouse*, 258 N.C. 520, 128 S.E. 2d 865 (1963), our Supreme Court held that a decree which awarded the wife alimony without divorce in an action brought under G.S. 50-16 legalized the separation even though the decree was based on the wrongful act of the husband in abandoning the wife, with the result that the husband became entitled to an absolute divorce under G.S. 50-6 after the parties had lived separate and apart for two years (now one year) following entry of the decree which had awarded his wife alimony without divorce. In the case now before us, the issue of alimony was determined by the judgment entered 17 December 1975 in the prior action between the parties. That judgment determined that defendant was not a dependent spouse and for that reason was not entitled to alimony. If a separation is legalized by an award of alimony without divorce, as our Supreme Court held in *Rouse v. Rouse, supra*, we see no sound reason why it should not also be legalized by a decree denying alimony based upon a finding of no dependency. In each case the court has considered and determined the respective rights and obligations of the separated parties insofar as support is concerned. In neither case is the court able to mend the broken marriage or to force the parties to live together if either persists in continuing to live apart. It would be logically inconsistent to hold that a legal separation is created by the granting of alimony without divorce but not by its denial based upon a finding of no dependency. Certainly a financially independent spouse should have even less reason to oppose an absolute divorce than a dependent spouse who may have a legitimate concern that the divorcing spouse's ability to continue making alimony payments might become adversely affected by a subsequent marriage.

In the case now before us, the court in the prior action, in addition to determining the issue as to alimony, further recognized the status of the parties as living separate and apart when it awarded possession of the residence to the defendant wife for her use and for the use and benefit of the minor children. This also had the effect of legalizing the separation of the parties. *Earles v. Earles*, 29 N.C. App. 348, 224 S.E. 2d 284 (1976); *Johnson v. Johnson*, 12 N.C. App. 505, 183 S.E. 2d 805 (1971).

We hold, therefore, that the separation of the parties became legalized on 17 December 1975 by the entry of the judgment which denied defendant alimony and by entry of the order which

awarded her possession of the house. The parties having lived separate and apart for more than one year after their separation thus became legalized, plaintiff was entitled to maintain this action for an absolute divorce under G.S. 50-6. We further hold that the adjudication made in the prior action that plaintiff had originally wrongfully abandoned the defendant is not effective as a bar in the present action. *See, Gray v. Gray*, 16 N.C. App. 730, 193 S.E. 2d 492 (1972).

The judgment granting plaintiff an absolute divorce is

Affirmed.

Judges CLARK and ERWIN concur.